1  LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP
2  Jonathan D. Selbin (State Bar No. 170222)
   jselbin@lchb.com
3  250 Hudson Street, 8th Floor
   New York, NY 10013                    E-filing
4  Telephone: (212) 355-9500
   Facsimile: (212) 355-9592
5

6  LIEFF CABRASER HEIMANN
   & BERNSTEIN, LLP
7  Daniel M. Hutchinson (State Bar No. 239458)
   dhutchinson@lchb.com
8  Eduardo E. Santacana (State Bar No. 281668)
   esantacana@lchb.com
9  275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
10 Telephone: 415.956.1000
   Facsimile: 415.956.1008

11 MEYER WILSON CO., LPA
   Matthew R. Wilson (*pro hac vice* to be filed)
12 mwilson@meyerwilson.com
   1320 Dublin Road, Ste. 100
13 Columbus, OH 43215
   Telephone: (614) 224-6000
14 Facsimile: (614) 224-6066

15 *Attorneys for Plaintiffs and the Proposed Class*

16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                                            Case No.  CV 12 4009

20 CAROL DUKE AND JACK POSTER, ON
   BEHALF OF THEMSELVES AND ALL           CLASS ACTION COMPLAINT FOR
21 OTHERS SIMILARLY SITUATED,             DAMAGES AND INJUNCTIVE RELIEF
                                          PURSUANT TO 47 U.S.C. § 227, ET SEQ.
22              Plaintiffs,               (TELEPHONE CONSUMER
                                          PROTECTION ACT)
   v.
23
   BANK OF AMERICA, N.A.; BANK OF         CLASS ACTION
24 AMERICA CORPORATION; AND FIA
   CARD SERVICES, N.A.,                   JURY TRIAL DEMANDED
25
                Defendants.
26

27        Plaintiffs Carol Duke and Jack Poster (hereinafter referred to as "Plaintiffs"), individually

28 and on behalf of all others similarly situated, make the following allegations and claims against

   1049641.1

1  Bank of America, N.A., Bank of America Corporation, and FIA Card Services, N.A. (collectively

2  referred to as "Bank of America" or "Defendants"), upon personal knowledge, investigation of

3  their counsel, and on information and belief as follows:

4  **INTRODUCTION**

5  1.  Plaintiffs bring this action against Defendants for violations of the Telephone

6  Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA") by

7  Defendants and their present, former, and/or future direct and indirect parent companies,

8  subsidiaries, affiliates, agents, and/or related entities. Defendants have violated the TCPA by

9  contacting Plaintiffs and others similarly situated on their cellular telephones via an "automatic

10  telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or

11  prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent

12  within the meaning of the TCPA.

13  2.  On December 6, 2007, the Federal Communications Commission ("FCC" or

14  "Commission") issued a citation to Bank of America for violations of the TCPA, admonishing

15  Bank of America that "[i]f, after receipt of this citation, you or your company violate the

16  Communications Act or the Commission's rules in any manner described herein, the Commission

17  may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a

18  continuing violation."

19  3.  Notwithstanding these prior violations of the TCPA and the FCC's citation,

20  Defendants have continued to violate the TCPA by contacting Plaintiffs and others similarly

21  situated on their cellular telephones via an "automatic telephone dialing system," as defined by

22  47 U.S.C. § 227(a)(1), and/or using "an artificial or prerecorded voice" as described in 47 U.S.C.

23  § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

24  4.  Plaintiffs bring this action for damages, and other legal and equitable remedies,

25  resulting from Defendants' conduct in violation of the TCPA.

26  **JURISDICTION AND VENUE**

27  5.  This matter in controversy exceeds $5,000,000, as each member of the proposed

28  Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call

1049641.1                                    - 2 -              CLASS ACTION COMPLAINT FOR DAMAGES AND
                                                               INJUNCTIVE RELIEF
                                                               CASE NO. _____

1    that has violated the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C.

2    § 1332(d)(2). Further, Plaintiffs allege a national class, which will result in at least one Class

3    member belonging to a different state. Therefore, both elements of diversity jurisdiction under

4    the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

5    This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6         6.      Venue is proper in the United States District Court for the Southern District of

7    California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Defendants are deemed to

8    reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

9    commenced, and because Defendants' contacts with this District are sufficient to subject it to

10   personal jurisdiction. Venue is also proper in this District because Plaintiff Duke has resided in

11   this District at all times relevant to these claims such that a substantial part of the events giving

12   rise to the claims occurred in this District.

13                                          **PARTIES**

14        7.      Plaintiff Carol Duke ("Duke") is an individual citizen of the State of California,

15   who resides in Kentfield, California.

16        8.      Plaintiff Jack Poster ("Poster") is an individual citizen of the State of California,

17   who resides in Redlands, California.

18        9.      Upon information and belief, Defendant Bank of America, N.A. is a national

19   banking association with its main office in Charlotte, North Carolina, and operates in every state

20   including California.

21        10.     Upon information and belief, Defendant Bank of America Corporation is a

22   Delaware corporation that maintains corporate headquarters in Charlotte, North Carolina.

23        11.     Upon information and belief, Defendant FIA Card Services, N.A. is a Delaware

24   corporation that maintains corporate headquarters in Wilmington, Delaware, and is a wholly-

25   owned subsidiary of Defendant Bank of America Corporation.

26

27

28

1049641.1                              - 3 -          CLASS ACTION COMPLAINT FOR DAMAGES AND
                                                              INJUNCTIVE RELIEF
                                                              CASE NO. _____

1

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

2

## (TCPA), 47 U.S.C. § 227

3     12.     In 1991, Congress enacted the TCPA[1] in response to a growing number of

4     consumer complaints regarding certain telemarketing practices.

5     13.     The TCPA regulates, among other things, the use of automated telephone

6     equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii)

7     prohibits the use of autodialers to make any call to a wireless number in the absence of an

8     emergency or the prior express consent of the called party.[2]

9     14.     According to findings by the FCC, the agency Congress vested with authority to

10    issue regulations implementing the TCPA, such calls are prohibited because, as Congress found,

11    automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live

12    solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that

13    wireless customers are charged for incoming calls whether they pay in advance or after the

14    minutes are used.[3]

15    15.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed

16    that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of

17    a creditor) are permitted only if the calls are made with the "prior express consent" of the called

18    party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the

19    wireless number was provided by the consumer to the creditor, and that such number was

20    provided during the transaction that resulted in the debt owed."[5] Under the TCPA and pursuant to

21

22

23

---

24    [1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

25    [2] 47 U.S.C. § 227(b)(1)(A)(iii).

26    [3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

27    [4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg.

28    (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

CLASS ACTION COMPLAINT FOR DAMAGES AND
                                                                        INJUNCTIVE RELIEF
                                                                        CASE NO. _____

1    the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that

2    Plaintiffs gave their express consent to call their cell phone within the meaning of the statute.[6]

3    <center>**FACTUAL ALLEGATIONS**</center>

4    Plaintiff Duke

5        16.    At all times relevant, Duke was an individual residing in the State of California.

6    Plaintiff Duke is a "person" as defined by 47 U.S.C. § 153(39).

7        17.    Duke has been a Bank of America credit card holder for approximately 20 years.

8    Duke did not provide on her credit application the cellular phone number called by Defendants.

9    In fact, Duke did not even have a cellular telephone when she first obtained a Bank of America

10   credit card.

11       18.    Beginning in early 2012, Defendants repeatedly contacted Duke on her cellular

12   telephone with an automated message from FIA Card Services. Duke received repeated,

13   harassing calls at all hours of the day. Because these calls were prerecorded, Duke had no ability

14   to request that the calls end or to voice her complaints to a real person.

15   Plaintiff Poster

16       19.    At all times relevant, Poster was an individual residing in the State of California.

17   Plaintiff Poster is a "person" as defined by 47 U.S.C. § 153(39).

18       20.    In or around 2008, Poster took out a home mortgage with Countrywide Financial.

19   Plaintiff Poster did not provide on his home mortgage application the cellular phone number

20   called by Defendants.

21       21.    Beginning in or around early July 2012 and through the present, Defendants have

22   repeatedly contacted Poster on his cellular telephone with an automated message from Bank of

23   America collections. Poster received repeated, harassing calls at all hours of the day. Because

24   these calls were prerecorded, Poster had no ability to request that the calls end or to voice his

25   complaints to a real person.

26   Plaintiffs' Joint Allegations

27

28
---
[6] *See* FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

1049641.1                                     - 5 -                    CLASS ACTION COMPLAINT FOR DAMAGES AND
                                                                                      INJUNCTIVE RELIEF
                                                                      CASE NO. _____

1    22.    Defendants are, and at all times mentioned herein were, "persons" as defined by 47

2    U.S.C. § 153(39).

3    23.    All telephone contact by Defendants to Plaintiffs on their cellular telephones

4    occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1).

5    24.    Telephone contact by Defendants to Plaintiffs used "an artificial or prerecorded

6    voice" as described in 47 U.S.C. § 227(b)(1)(A).

7    25.    The telephone numbers that Defendants used to contact Plaintiffs, made by an

8    "automatic telephone dialing system" and/or with a "prerecorded voice" were assigned to a

9    cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10    26.    During the transactions that resulted in the debt owed, Plaintiffs did not provide

11    express consent to receive automated or prerecorded calls by Defendants on their cellular

12    telephones.[7] Plaintiffs did not even list the cellular telephone numbers Defendants called on their

13    credit card or mortgage applications.

14    27.    Plaintiffs did not provide "prior express consent" allowing Defendants to place

15    telephone calls to their cellular phone utilizing an "artificial or prerecorded voice" or placed by an

16    "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

17    28.    Defendants did not make telephone calls to Plaintiffs' cellular telephones "for

18    emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

19    29.    Defendants' telephone calls to Plaintiffs' cellular telephones placed by an

20    "automatic telephone dialing system" and/or utilizing an "artificial or prerecorded voice" for non-

21    emergency purposes and in the absence of Plaintiffs' prior express consent violated 47 U.S.C. §

22    227(b)(1)(A).

23    30.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the

24    burden is on Defendants to demonstrate that Plaintiffs provided express consent within the

25    meaning of the statute.[8]

26

27

28    [7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).
     [8] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

## CLASS ACTION ALLEGATIONS

31.     Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

32.     Plaintiffs propose the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call from Defendants to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide prior express consent for such calls during the transaction that resulted in the debt owed.

Collectively, all these persons will be referred to as "Class members." Plaintiffs represent, and are members of, the Class. Excluded from the Class are Bank of America and any entities in which Bank of America has a controlling interest, Bank of America's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families, and claims for personal injury, wrongful death and/or emotional distress.

33.     Plaintiff Duke also seeks certification on behalf of the following: All persons in the United States included in the Class who received a non-emergency telephone call from Defendants related to a Bank of America credit card (the "Credit Card Subclass").

34.     Plaintiff Poster also seeks certification on behalf of the following: All persons in the United States included in the Class who received a non-emergency telephone call from Defendants related to a Bank of America mortgage (the "Mortgage Subclass").

35.     Plaintiffs do not know the exact number of members in the Class or Subclasses, but based upon the representations of Defendants as to their market share, Plaintiffs reasonably believe that Class and Subclass members number at minimum in the tens of thousands.

36.     Plaintiffs and all members of the Class and Subclasses have been harmed by the acts of Defendants.

37.     This Class Action Complaint seeks injunctive relief and money damages.

38.     The joinder of all Class and Subclass members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action

1049641.1

- 7 -

1  will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical

2  suits. The Class and Subclasses can be identified easily through records maintained by

3  Defendants.

4      39.    There are well defined, nearly identical, questions of law and fact affecting all

5  parties. The questions of law and fact involving the class claims predominate over questions

6  which may affect individual Class and Subclass members. Those common questions of law and

7  fact include, but are not limited to, the following:

8          a.    Whether Bank of America made non-emergency calls to Plaintiffs' and

9  Class members' cellular telephones using an automatic telephone dialing system and/or an

10  artificial or prerecorded voice;

11         b.    Whether Bank of America can meet its burden of showing it obtained prior

12  express consent (*i.e.*, consent that is clearly and unmistakably stated), during the transaction that

13  resulted in the debt owed, to make such calls;

14         c.    Whether Bank of America's conduct was knowing and/or willful;

15         d.    Whether Bank of America is liable for damages, and the amount of such

16  damages; and

17         e.    Whether Bank of America should be enjoined from engaging in such

18  conduct in the future.

19     40.    As persons who received numerous and repeated telephone calls using an

20  automatic telephone dialing system and/or an artificial or prerecorded voice, without their prior

21  express consent within the meaning of the TCPA, Plaintiffs assert claims that are typical of each

22  Class and Subclass member. Plaintiffs will fairly and adequately represent and protect the

23  interests of the Class and Subclasses, and have no interests which are antagonistic to any member

24  of the Class or Subclasses.

25     41.    Plaintiffs have retained counsel experienced in handling class action claims

26  involving violations of federal and state consumer protection statutes, including class action

27  claims under the TCPA.

28

1049641.1                             - 8 -                    CLASS ACTION COMPLAINT FOR DAMAGES AND
                                                                           INJUNCTIVE RELIEF
                                                                           CASE NO. _____

1    42.    A class action is the superior method for the fair and efficient adjudication of this

2    controversy.  Classwide relief is essential to compel Defendants to comply with the TCPA.  The

3    interest of Class and Subclass members in individually controlling the prosecution of separate

4    claims against Defendants is small because the statutory damages in an individual action for

5    violation of the TCPA are relatively small.  Management of these claims is likely to present

6    significantly fewer difficulties than are presented in many class claims because the calls at issue

7    are all automated and the Class members, by definition, did not provide the prior express consent

8    required under the statute to authorize calls to their cellular telephones.

9    43.    Bank of America has acted on grounds generally applicable to the Class and

10   Subclasses, thereby making final injunctive relief and corresponding declaratory relief with

11   respect to the Class and Subclasses as a whole appropriate.  Moreover, on information and belief,

12   Plaintiffs allege that the TCPA violations complained of herein are substantially likely to continue

13   in the future if an injunction is not entered.

14   44.    Any consumer arbitration clauses in the underlying credit card contracts with

15   Plaintiffs and the Class Members are not enforceable or applicable to the claims here because

16   Defendants have agreed, pursuant to a separate settlement agreement, not to enforce consumer

17   arbitration clauses.[MW1]

18                                    **CAUSES OF ACTION**

19                                        **FIRST COUNT**

20   **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE**
     **CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***

21

22                   **(On Behalf of All Plaintiffs and Class and Subclass Members)**

23   45.    Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if

24   fully stated herein.

25   46.    The foregoing acts and omissions of Defendants constitute numerous and multiple

26   knowing and/or willful violations of the TCPA, including but not limited to each of the above-

27   cited provisions of 47 U.S.C. § 227 *et seq.*

28

1049641.1                                  - 9 -                 CLASS ACTION COMPLAINT FOR DAMAGES AND
                                                                          INJUNCTIVE RELIEF
                                                                 CASE NO. _____

1    47.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et*

2  *seq.*, Plaintiffs and members of the Class and Subclasses are entitled to treble damages of up to

3  $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

4    48.    Plaintiffs and all Class and Subclass members are also entitled to and do seek

5  injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

6    49.    Plaintiffs and Class and Subclass members are also entitled to an award of

7  attorneys' fees and costs.

8  <div align="center">**SECOND COUNT**</div>

9  <div align="center">**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227**
   **_ET SEQ._**</div>

10

11  <div align="center">**(On Behalf of All Plaintiffs and Class and Subclass Members)**</div>

12    50.    Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if

13  fully set forth herein.

14    51.    The foregoing acts and omissions of Defendants constitute numerous and multiple

15  violations of the TCPA, including but not limited to each of the above cited provisions of 47

16  U.S.C. § 227 *et seq.*

17    52.    As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and

18  Class and Subclass members are entitled to an award of $500.00 in statutory damages for each

19  and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

20    53.    Plaintiffs and Class and Subclass members are also entitled to and do seek

21  injunctive relief prohibiting Defendants' violation of the TCPA in the future.

22    54.    Plaintiffs and Class and Subclass members are also entitled to an award of

23  attorneys' fees and costs.

24  <div align="center">**PRAYER FOR RELIEF**</div>

25    WHEREFORE, Plaintiffs respectfully requests that the Court grant Plaintiffs: and all

26  Class members the following relief against Defendant:

27    A.    Injunctive relief prohibiting such violations of the TCPA by Citibank in the future;

28    B.    As a result of Bank of America's willful and/or knowing violations of 47 U.S.C.

1049641.1                                   - 10 -                    CLASS ACTION COMPLAINT FOR DAMAGES AND
                                                                                    INJUNCTIVE RELIEF
                                                                            CASE NO. _____

1    47.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et*

2 *seq.*, Plaintiffs and members of the Class and Subclasses are entitled to treble damages of up to

3 $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

4    48.    Plaintiffs and all Class and Subclass members are also entitled to and do seek

5 injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

6    49.    Plaintiffs and Class and Subclass members are also entitled to an award of

7 attorneys' fees and costs.

8

### SECOND COUNT

9

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

10

### (On Behalf of All Plaintiffs and Class and Subclass Members)

11

12    50.    Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if

13 fully set forth herein.

14    51.    The foregoing acts and omissions of Defendants constitute numerous and multiple

15 violations of the TCPA, including but not limited to each of the above cited provisions of 47

16 U.S.C. § 227 *et seq.*

17    52.    As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and

18 Class and Subclass members are entitled to an award of $500.00 in statutory damages for each

19 and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

20    53.    Plaintiffs and Class and Subclass members are also entitled to and do seek

21 injunctive relief prohibiting Defendants' violation of the TCPA in the future.

22    54.    Plaintiffs and Class and Subclass members are also entitled to an award of

23 attorneys' fees and costs.

24

### PRAYER FOR RELIEF

25 WHEREFORE, Plaintiffs respectfully requests that the Court grant Plaintiffs: and all

26 Class members the following relief against Defendant:

27    A.    Injunctive relief prohibiting such violations of the TCPA by Citibank in the future;

28    B.    As a result of Bank of America's willful and/or knowing violations of 47 U.S.C.

1049641.1    - 10 -    CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF CASE NO. _____

1   § 227(b)(1), Plaintiffs seek for themselves and each Class and Subclass member treble damages,

2   as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

3       C.    As a result of Bank of America's violations of 47 U.S.C. § 227(b)(1), Plaintiffs

4   seek for themselves and each Class and Subclass member $500.00 in statutory damages for each

5   and every call that violated the TCPA;

6       D.    An award of attorneys' fees and costs to counsel for Plaintiffs and the Class and

7   Subclasses;

8       E.    An order certifying this action to be a proper class action pursuant to Federal Rule

9   of Civil Procedure 23, establishing an appropriate Class and Subclasses, finding that Plaintiffs are

10  proper representatives of the Class and Subclasses, and appointing the lawyers and law firms

11  representing Plaintiffs as counsel for the Class and Subclasses;

12      F.    Such other relief as the Court deems just and proper.

13                          **DEMAND FOR JURY TRIAL**

14      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any

15  and all issues in this action so triable of right.

16

17  Dated: July 30, 2012                    Respectfully submitted,

18                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

19

20                                          By: */s/ Daniel M. Hutchinson*
                                               Daniel M. Hutchinson
21

22                                          LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
                                            Daniel M. Hutchinson (State Bar No. 239458)
23                                          dhutchinson@lchb.com
                                            Eduardo E. Santacana (State Bar No. 281668)
24                                          esantacana@lchb.com
                                            275 Battery Street, 29th Floor
25                                          San Francisco, CA 94111-3339
                                            Telephone: 415.956.1000
26                                          Facsimile: 415.956.1008

27

28

    1049641.1                    - 11 -          CLASS ACTION COMPLAINT FOR DAMAGES AND
                                                            INJUNCTIVE RELIEF
                                                         CASE NO. _____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
Jonathan D. Selbin (State Bar No. 170222)
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

MEYER WILSON CO., LPA
Matthew R. Wilson (*pro hac vice* to be filed)
mwilson@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH 43215
Telephone: (614) 224-6000
Facsimile: (614) 224-6066

*Attorneys for Plaintiffs and the Proposed Class*

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF
CASE NO. _____