Douglas J. Campion, SBN #75381
Email: doug@djcampion.com
LAW OFFICE OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Jonathan D. Selbin, SBN 170222
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENIE ROSE, on behalf herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,<br><br>Defendants. | Case No. 5:11-cv-02390-EJD (PSG)<br><br>**DECLARATION OF ALEXANDER H. BURKE IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:   Hon. Edward J. Davila |
| CAROL DUKE AND JACK POSTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A.,<br><br>Defendants. | |

I, ALEXANDER H. BURKE, declare as follows:

1. I am Alexander H. Burke, manager of Burke Law Offices, LLC. I submit this declaration in support of the plaintiff team's Motion for Attorney's Fees and Final Approval of Class Action Settlement in this matter. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2. In September 2008, I opened Burke Law Offices, LLC. I am the only attorney at this firm, which focuses on consumer class action and consumer work on the plaintiff side. Since around the time the firm began, it has focused on prosecuting cases pursuant to the Telephone Consumer Protection Act. The firm works almost exclusively on a contingency basis.

3. I am regularly asked to speak regarding TCPA issues, on the national level. For example, I conducted a one-hour CLE on prosecuting TCPA autodialer and Do Not Call claims pursuant to the Telephone Consumer Protection Act for both the National Association of Consumer Advocates in summer 2012, and spoke on similar subjects at the annual National Consumer Law Center national conferences in October 2012 and November 2013. I have been asked to return and speak again to the National Association of Consumer Advocates; one such engagement is scheduled for early 2014.

4. I also am actively engaged in policymaking as to TCPA issues, and have had several meetings with various decision makers at the Federal Communications Commission.

5. I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference each year from 2006 through 2013, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I was the vice-chair of the Chicago Bar Association's consumer protection section in 2009 and the chair in 2010. In

- 2 -

DECLARATION OF A. BURKE IN SUPP. OF MOT. FOR ATTY
FEES AND FINAL APPROVAL OF SETTLEMENT
CASE NO. 5:11-CV-02390-EJD (PSG)

November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

6. Some notable autodialer TCPA class actions and other cases that my firm has worked on include: *Smith v. State Farm Mutual Automobile Insurance Company*, --- F.R.D. ----, 2014 WL 228892, (N.D.Ill. Jan. 21, 2014) (designating me as pursuant to Fed.R.Civ.P. 23(g) interim liaison counsel pursuant to contested motion in large TCPA class case); *Markovic v. Appriss, Inc.*, 2013 WL 6887972 (S.D.Ind. Dec. 31, 2013) (motion to dismiss denied in TCPA class case); *Martin v. Comcast Corporation*, 2013 WL 6229934 (N.D.Ill. Nov. 26, 2013)(motion to dismiss denied in TCPA class case); *Gold v. YouMail, Inc.*, 2013 WL 652549 (S.D.Ind. Feb. 21, 2013); *Martin v. Dun & Bradstreet, Inc.*, 1:12-cv-215 (Aug. 21, 2012 N.D.Ill.) (Denlow, J. certifying litigation class and appointing me as sole class counsel) (July 16, 2013) (final approval granted for $7.5 million class settlement granted January 16, 2014); Hanley v. Fifth Third Bank, final approval for $4.5 million settlement granted December 27, 2013); *Desai v. ADT, Inc*, 1:11-cv-1925 (June 21, 2013) (final approval for $15 million TCPA class settlement granted); *Martin v. CCH, Inc.*, 1:10-cv-3494 (N.D.Ill.) (Mar. 20, 2013) (final approval granted for $2 million class settlement in TCPA autodialer case); *Swope v. Credit Management, LP*, 2013 WL 607830 (E.D.Mo. Feb. 19, 2013) (denying motion to dismiss in "wrong number" TCPA case); *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838 (N.D.Ill. Aug. 10, 2012) (denying motion to dismiss TCPA case on constitutional grounds); *Soppet v. Enhanced Recovery Co.*, 2011 WL 3704681(N.D.Ill. Aug 21, 2011), aff'd, 679 F.3d 637 (7th Cir. 2012) (TCPA defendant's summary judgment motion denied. My participation was limited to litigation in the lower court); *D.G. ex rel. Tang v. William W. Siegel & Associates, Attorneys at Law, LLC*, 2011 WL 2356390 (N.D.Ill. Jun 14, 2011); *Martin v. Bureau of Collection Recovery*, 2011WL2311869 (N.D.Ill. June 13, 2011) (motion to compel TCPA class discovery granted); *Powell v. West Asset Management, Inc.*, 773 F.Supp.2d 898 (N.D.Ill. 2011) (debt collector TCPA defendant's "failure to mitigate" defense stricken for failure to state a defense upon which relief may be granted); *Fike v. The Bureaus, Inc.*, 09-cv-2558 (N.D.Ill. Dec. 3, 2010) (final approval granted for $800,000 TCPA settlement in autodialer case against debt collection agency); *Donnelly v. NCO Financial Systems,*

- 3 -

DECLARATION OF A. BURKE IN SUPP. OF MOT. FOR ATTY FEES AND FINAL APPROVAL OF SETTLEMENT
CASE NO. 5:11-CV-02390-EJD (PSG)

1  *Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) (Fed.R.Civ.P. 72 objections overruled in toto, 2010
2  WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided
3  favorably to class).

4        7.      Before I opened Burke Law Offices, LLC, I worked at two different plaintiff
5  boutique law firms doing mostly class action work, almost exclusively for consumers. Some
6  decisions that I was actively involved in obtaining while at those law firms include: *Cicilline v.*
7  *Jewel Food Stores, Inc.*, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted);
8  542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris*
9  *v. Best Buy Co.*, 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class
10 certification granted); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA
11 class certification granted); *Redmon v. Uncle Julio's, Inc.*, 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA
12 class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596,
13 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) (FCRA class certification granted); aff'd upon objection
14 (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct.
15 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.*,
16 C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond
17 required for potentially frivolous objection to large class action settlement, and resulting in a
18 $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore*
19 *& Assocs., P.C.*, 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class
20 certification granted); *Nichols v. Northland Groups, Inc.*, case nos. 05 C 2701, 05 C 5523, 06 C
21 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for
22 concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*,
23 case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337
24 (N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, case nos. 03
25 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation
26 granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy*
27 *Receivables, Inc.*, case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006)
28 (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

8.     I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

9.     I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

10.    I became licensed to practice law in the State of Illinois in 2003 and the State of Wisconsin in March 2011, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Northern District of Indiana, Southern District of Indiana and the District of Nebraska. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

11.    The above experience, qualifications, decisions and settlements demonstrate my ability and commitment to prosecuting TCPA class cases, and justify the hourly rate requested here. Moreover, Burke Law took this matter on a contingency fee basis, which means that the firm would receive no remuneration absent a settlement or judgment. This matter has required me to spend time and resources that could have been spent on other matters. Because I undertook representation of this matter on a contingency-fee basis, my firm shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse judgment.

12.    I have maintained contemporaneous time records since the beginning of this action. Through the date of this declaration, I have expended 156.90 hours, with a total lodestar

of $90,217.50, not including time spent working on timekeeping or this fee declaration or the accompanying fee petition.

13. My lodestar will continue to grow as this matter nears conclusion. The claims period will last for several months, and this firm's commitment of time and labor to this case will continue beyond final approval because I will continue to take class member phone calls, oversee class payments and distribution and resolve any other issues that arise. It is expected that I will expend dozens more hours on this case.

14. I maintain receipts of costs and expenses that this firm actually incurs. My out-of-pocket costs in this case are $1,531.22. This amount includes travel expenses associated with my attendance at the two mediations in San Francisco.

15. In recent years I have primarily litigated non-fee shifting TCPA cases in the Seventh Circuit and other jurisdictions that do not require lodestar or hourly rate analysis, so recent court approvals of hourly rates are admittedly sparse. However, as demonstrated above, I have developed substantial experience in litigating TCPA class actions and speak on a national level regarding how to effectively litigate cases like this one. Moreover, because I am a solo practitioner, accepting a large contingency case like this presents substantial personal risk. These factors, along with my experience and expertise in such a niche practice area, along with the following court approvals supports an hourly rate of $575 per hour.

16. Over the years, I was approved at the following hourly rates:

a. In *O'Hagan v. Blue Ribbon Taxi Association, Inc.*, 1:11-cv-5269 (N.D.Ill. Sept. 20, 2013), final approval of a Fair Credit Reporting Act class action settlement was granted. Although fees were capped as part of the settlement, the Court considered and approved all aspects of the settlement. My fee petition in that case requested an hourly rate of $550 per hour.

b. In *Ahmed v. Oxford Collection Services, Inc.*, 1:11-cv-1938 (N.D.Ill. April 19, 2011) Judge Rebecca Pallmeyer of the Northern District of Illinois entered a judgment against the defendant including attorney's fees for my work at a rate of $340 per hour.

- 6 -

DECLARATION OF A. BURKE IN SUPP. OF MOT. FOR ATTY FEES AND FINAL APPROVAL OF SETTLEMENT
CASE NO. 5:11-CV-02390-EJD (PSG)

   c. In *Fike v. The Bureaus, Inc.*, 1:20-cv-2558 (N.D.Ill. Dec. 3, 2010), Judge Robert M. Dow, Jr. approved a common fund attorney's fee award based at least in part upon counsel's lodestar, which was calculated at $340 per hour.

   d. In *Catalan v. RBC Mortg. Co.*, 2009 WL 2986122 (N.D.Ill. Sept. 16, 2009), Judge Robert M. Dow, Jr. approved my hourly rate at $285 per hour while I was an associate arising out of a contested fee petition. Although the total fee award was reduced, hourly rates were not reduced.

   e. In *Pacer v. Rockenbach Chevrolet*, 1:07-cv-5173 (N.D.Ill January 15, 2009), Magistrate Judge Jeffrey Cole approved an hourly rate of $288 for me while I was an associate at another firm.

   f. In *Harper v. CCC Motors, Inc*, 06 M1 131521, Circuit Court of Cook County, Illinois, (Jan. 22, 2008), the court found in a consumer fraud case that $275 was a reasonable hourly rate for my work in the municipal court of Cook County.

  17. To provide the Court with an overview of the work I performed in this case, without requiring the review of our voluminous time records themselves, I have divided my firm's work into specific phases that track the progress of the litigation from our initial investigation through settlement.

  18. *Initial Case Investigation.* This firm spent 16.5 hours on case investigation. Such investigation included the following: Conducting extensive factual and legal research into the merits of the individual and class TCPA claims; discussing the facts with our client; conducting research on Bank of America; discussing joint prosecution of the action with the plaintiff team; and drafting, revising, and filing the *Makin* Complaint.

  19. *Motions Practice.* Burke Law spent 18.7 hours dealing with motion practice, including filing a motion for class certification in the *Makin* action, dealing with the motion to transfer *Makin* to California, reviewing the answer filed in this matter and conducting legal research and meeting and conferring with defense counsel regarding substantive matters such as affirmative defenses.

DECLARATION OF A. BURKE IN SUPP. OF MOT. FOR ATTY
FEES AND FINAL APPROVAL OF SETTLEMENT
CASE NO. 5:11-CV-02390-EJD (PSG)

20.  *Discovery.* Burke Law spent 16.5 hours reviewing documents and call data produced by Bank of America; deposing Bank of America's 30(b)(6) witness; drafting confirmatory interrogatories; and drafting discovery meet and confer letters.

21.  *Settlement Negotiations and Mediations.* This firm spent 88.4 engaging in settlement discussions and mediations with Bank of America. Representative counsel for all firms participated in three full-day mediations before the Honorable Edward Infante (Ret.) of JAMS, on October 23, 2012, January 23, 2013, and on June 20, 2013. In connection with these settlement discussions and mediations, I spent time doing the following representative tasks: (a) discussing settlement and mediation with Bank of America's counsel and Judge Infante; (b) discussing the Plaintiffs' mediation strategy with co-counsel; (d) editing mediation briefs; (e) traveling to and attending the full-day mediations in San Francisco; and (h) conducting settlement related research such as analyzing other TCPA class action settlements. The requested fee award was negotiated after the parties reached agreement on all of the other Settlement terms.

22.  *Drafting and Finalizing the Settlement Papers.* Following the final June 20, 2013 mediation, I spent time negotiating the final settlement terms and negotiating and revising the Memorandum of Understanding and the Settlement Agreement. I also assisted in drafting the Motion for Preliminary Approval, the supplemental briefs in support of preliminary approval, the declaration in support of preliminary approval, the proposed orders regarding preliminary approval, and all of the forms of class notice, and had substantial input into class administrator issues. I spent 16.8 hours on these tasks.

23.  Tasks were delegated appropriately among the Plaintiff team in order to avoid duplicative work.

24.  I believe this settlement, and the requested fee, to be fair and reasonable under the circumstances and in the best interest of the class. The settlement provides real monetary recovery, substantial prospective relief and will act as a strong deterrent to future conduct by other actors considering activities proscribed by the TCPA.

I declare under penalty of perjury of the laws of Illinois and the United States that the

1 | foregoing is true and correct, and that this declaration was executed in Chicago, Illinois on
2 | February 19, 2014.

                                              Alexander H. Burke