| | |
|---|---|
| 1 | CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP |
| 2 | Mark Ankcorn (State Bar No. 166871) |
| 3 | mark@ankcorn.com |
| 4 | 110 Laurel Street<br>San Diego, CA 92101 |
| 5 | Telephone: (619) 238-1811<br>Facsimile: (614) 544-9232 |
| 6 | |
| 7 | *Attorneys for Plaintiffs and the Proposed Class* |

---

CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD LLP
Mark Ankcorn (State Bar No. 166871)
mark@ankcorn.com
110 Laurel Street
San Diego, CA  92101
Telephone:  (619) 238-1811
Facsimile: (614) 544-9232

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENIE ROSE, on behalf herself and all others similarly situated,<br><br>             Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,<br><br>             Defendants. | Case No. 5:11-cv-02390-EJD (PSG)<br><br>**DECLARATION OF MARK ANKCORN IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:     Hon. Edward J. Davila |
| CAROL DUKE AND JACK POSTER, on behalf of themselves and all others similarly situated,<br><br>             Plaintiffs,<br><br>     v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A.,<br><br>             Defendants. | |

I, MARK ANKCORN, declare as follows:

1. 1. I am of counsel to the law firm of Casey Gerry Schenk Francavilla Blatt & Penfield ("Casey Gerry"), counsel of record for Plaintiff Sandra Ramirez. I am a member in good standing of the bars of the states of California and Florida. I practiced law as the Law Offices of Mark Ankcorn from 1997 to August 2011 and since then as the Ankcorn Law Firm, PC, a California professional corporation. Since October 2012, I have maintained a regular and ongoing relationship with Casey Gerry and co-counsel many complex litigation matters with them. For the sake of clarity, references below to Casey Gerry include my work prior to joining the firm. I respectfully submit this declaration in Support of Plaintiffs' Motion for Attorneys' Fees and Costs and Service Awards to the Named Plaintiffs. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

## II. Background and Experience

2. Casey Gerry is the oldest plaintiffs' law firm in San Diego. Our practice focuses on serious personal injury cases, together with complex litigation including class actions, mass torts, and products liability.

3. I have personally been a pioneer in litigation of individual and class action lawsuits under the Telephone Consumer Protection Act, prosecuting these claims since 2009 on behalf of consumers in state and federal courts. I initiated and led many of the major TCPA class actions against some of the largest financial services institutions in the world. Cases in which I have served and continue to serve as Plaintiff's and Class Counsel include:

    a. *Steinfeld v. Discover Financial Services, et al.*, 3:12-cv-01118-JSW (N.D. Cal.) (nationwide settlement of $8.7 million; preliminary approval granted on September 10, 2013; pending final approval);

    b. *Lund. v. Chase Bank USA, N.A.*, 12-cv-2554 WQH (S.D. Cal.) (nationwide settlement; preliminary approval pending);

      c.    *In re Capital One TCPA Litig.*, MDL 2416 (N.D. Ill.) (consolidating four national class actions and more than seventy individual actions);

      d.    *Selby v. LVNV Funding, LLC, et al.*, 13-cv-1383 CAB (S.D. Cal.);

      e.    *Thomas v. Chase Bank USA, N.A.*, 10-cv-415 MMA (S.D. Cal.) (individual action under TCPA, filed February 23, 2010);

      f.    *Scott v. American Express Company*, 37-2010-91169-CU-BT-CTL (Sup.Ct. San Diego Cty.) (individual action under TCPA, filed May 3, 2010);

      g.    *Yamada v. Chase Bank USA, N.A.*, 2:10-cv-6524 AHM (C.D.Cal.) (individual action under TCPA, filed September 1, 2010);

      h.    *Casey v. 23andMe, Inc.*, 13-cv-2847 JAH (S.D.Cal.) (class action for unfair competition in marketing and selling genetic testing services without premarket FDA approval).

4.    Casey Gerry has extensive experience in the litigation, trial and settlement of class actions and mass tort matters in complex consumer fraud and product defect cases. Cases in which Casey Gerry has served as Class Counsel or Lead Plaintiffs' Counsel include:

      a.    *In re Sulzer Orthopedics Inc. Hip Prosthesis and Knee Prosthesis Liability Litigat*ion, No. 1:01-cv-9000, MDL 1401 (N.D. Ohio);

      b.    *In re Propulsid Prod. Liability Litigation*, MDL 1355 (E.D.La.);

      c.    *In re Rezulin Prod. Liability Litigation*, MDL 1348 (S.D.N.Y.);

      d.    *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, MDL 1407 (W.D. Wash.);

      e.    *In re Ephedra Prod. Liab. Litig.*, MDL 1598 (S.D.N.Y.);

      f.    *In re Baycol Prod. Liab. Litig.*, MDL 1431(D.Minn.);

      g.    *In re Hydroxycut Marketing and Sales Practices*, MDL 2087 (S.D.Cal.);

      h.    *In re World War II Era Japanese Forced Labor*, MDL 1347 (N.D. Cal.).

5.    I was lead counsel in more than fifty appellate matters before the Supreme Court of California, three California Courts of Appeal, and the Fifth Circuit Court of Appeal of the State

of Florida. Additionally, I have prepared and filed brief amicus curiae in matters pending before the United States Supreme Court and the Ninth Circuit Court of Appeals.

6. I graduated with distinction and Order of the Coif from the University of the Pacific, McGeorge School of Law School in 1993. I was appointed Deputy District Attorney of Orange County, California in 1994 after a research fellowship with the Criminal Justice Legal Foundation in Sacramento, California. I opened my own practice in 1997 and joined Casey Gerry in October 2012. As set forth above, both I and my firm have extensive experience in litigating class actions and complex civil matters.

7. Together, the cases described above have resulted in court-approved class action settlements, with a combined total recovery for plaintiffs in excess of $500 million in monetary recovery, plus other relief. The TCPA class settlements, including those described in paragraph 3 above, total over $70 million. Casey Gerry's experience in these cases, and my experience in particular, has provided the law firm and me with expertise in the legal, factual, management, notice, and administration issues that characterize these types of class actions.

**III. Overview of Casey Gerry's Efforts in this Action**

    **A. Contingent Nature of Action**

8. This matter has required me to dedicate time and effort to this litigation that could have been spent on other matters, including on other fee-generating work of a non-contingent nature. Both I and Casey Gerry accepted the risk that an adverse judgment would result in no compensation whatsoever for our efforts and no return for costs advanced. Had both the firm and I not devoted considerable time and effort to this litigation, we would have dedicated our efforts and our resources to other fee-generating work.

    **B. Casey Gerry's Lodestar**

9. Casey Gerry and I have maintained contemporaneous time records, on a daily basis, describing tasks performed in increments of one-tenth of an hour. Since the commencement of this action. Through February 14, 2014, I have worked a total of 331.7 hours on this action. At my customary rate of $650 per hour, Casey Gerry's total lodestar amount is $215,605.00.

10. Casey Gerry's lodestar will increase as we and co-counsel continue to finalize the settlement process and monitor the litigation to its close, including assisting class members with individual inquiries. We anticipate spending time to ensure that the settlement is administered properly, that consumer inquiries are properly addressed, and in briefing any legal issues, including final approval, that arise.

**C.    Casey Gerry's Costs**

11. Casey Gerry maintains all books and records regarding costs expended on each case in the ordinary course of business, which books and records are prepared from expense vouchers, credit card receipts, and check records. I have reviewed the records of costs expended in this matter.

12. Casey Gerry has incurred $ $10,354.62 in expenses, which includes travel costs associated with my participation in three full-day mediations in San Francisco ($5,367.77); research on Westlaw ($4,177.13); postage and overnight charges ($91.85); telephone costs ($325.42); copying ($41.25); and court filing and document fees ($351.20).

**D.    Casey Gerry Billing Rates**

13. Casey Gerry sets its rates for attorneys and staff members based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in similar matters; and the experience, reputation and ability of the attorneys and staff members.

14. My rate of $650.00 per hour reflects my specialized experience in TCPA cases specifically and complex litigation generally. This hourly rate is within the range of the market rate for attorneys of similar education, experience, and reputation for matters of similar complexity and scope in both the San Francisco Bay Area and downtown Los Angeles markets within which this matter has been litigated.

**E.    Overview of Work Performed**

15. To provide the Court with an overview of the work done by Casey Gerry in this case, without requiring the review of our voluminous time records themselves, I divide my firm's

work into specific phases that track the progress of the litigation from our initial investigation through settlement.

16.     *Initial Case Investigation and Preparation of Pleadings.*  I spent 48.2 hours on initial case investigation and preparation of the initial Complaint, including factual and legal research into the merits of the claims; discussing facts with my clients, the two initial named plaintiffs Sandra Ramirez and Scott Fowler; and conducting research on the Defendant including whether Defendant had been investigated for any prior TCPA violations.

17.     *Discovery and Motions Practice.*  I spent 146.6 hours in discovery and discovery-related motion practice, including preparing and propounding written interrogatories, requests for production of documents, and requests for admission; meeting and conferring on objections to discovery requests; responding to written discovery propounded by Defendant; preparing deposition notices; preparing and taking a deposition of Defendant's corporate representative; conferring with opposing counsel on objections to discovery; preparing my client Sandra Ramirez for her deposition; defending the deposition of Sandra Ramirez; and preparing a motion to compel discovery after repeated meet-and-confer communications with opposing counsel.

18.     *Settlement Negotiations and Mediations.*  I spent 136.9 hours engaging in settlement discussions and mediations with Bank of America. Representative counsel for all firms participated in three full-day mediations before the Honorable Edward Infante (Ret.) of JAMS, on October 23, 2012, January 23, 2013, and on June 20, 2013.  In connection with these settlement discussions and mediations, I spent time doing the following tasks: (a) discussing settlement and mediation with Bank of America's counsel; (b) discussing the Plaintiffs' mediation strategy with co-counsel; (d) reviewing and revising mediation briefs; (e) traveling to and attending the three full-day mediations in San Francisco; (f) reviewing and revising stipulations and proposed orders for extensions of time on the case schedule pending the negotiations; (g) reviewing Bank of America's discovery and information produced in the context of settlement negotiations; and (h) conducting settlement related research such as analyzing other TCPA class action settlements.

The requested fee award was negotiated only after the parties reached agreed on all of the other Settlement terms.

### F. Efforts to Avoid Duplication Among Co-Counsel

19. I have worked closely with co-counsel to prevent duplication of divide tasks, ensure efficient case management, and prevent duplication of efforts. By assigning specific tasks among firms, we were able to avoid replicating work. Only where it was necessary to have involvement from all of the firms, such as during the mediations, did such involvement occur.

20. I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed in San Diego, California on February 19, 2014.

_____
Mark Ankcorn