Douglas J. Campion, SBN #75381
Email: doug@djcampion.com
LAW OFFICE OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Jonathan D. Selbin, SBN 170222
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENIE ROSE, on behalf herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,<br><br>Defendants. | Case No. 5:11-cv-02390-EJD (PSG)<br><br>**DECLARATION OF SYED ALI SAEED IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:   Hon. Edward J. Davila |
| CAROL DUKE AND JACK POSTER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A.,<br><br>Defendants. | |

I, SYED ALI SAEED, declare as follows:

1. I am a member of the law firm of Saeed & Little, LLP ("S&L"), counsel for Plaintiff, Amin Makin. I am a member in good standing of the bar of the State of Indiana. I respectfully submit this declaration in Support of Plaintiffs' Motion for Attorneys' Fees and for Final Approval of Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

## I. Background and Experience

### A. Firm History

1. Saeed & Little, LLP (Hereinafter "Firm") was organized in February 2011 by Syed Ali Saeed and Jonathan Little. The Firm focuses in Consumer Protection, Criminal Litigation, and Athlete Abuse cases.
2. Since its origination the Firm has filed and prosecuted several consumer cases for Plaintiffs under Telephone Consumer Protection Act, Fair Debt Collection Practices, Truth in Lending Act, Indiana Deceptive Consumer Sales Act, Indiana Home Loan Practices Act, and Real Estate Settlement Procedure Act.
3. Since its origination in 2011 the Firm has been involved in numerous criminal defense jury trials representing defendants in State and Federal Courts around the Midwest for levels of offenses, including murder, molestation, and serious drug offenses.
4. Since it origination the Firm has also represented young athletes who were molested by coaches certified and at times directly employed by major U.S.A athletic bodies. Due to the efforts of S&L and our co-counsels across the country the United States Olympic Committee adopted a "Safe Sport" program in 2010 and has begun the process of establishing and publishing a list of coaches engaged in sexual misconduct with minors.

B. **Attorney: Syed Ali Saeed**

5. Prior to Saeed & Little, LLP I was working as manage / owner of Law Office of Syed Ali Saeed, LLC. Law Office of Syed Ali Saeed, LLC also focused in Consumer Protection Laws, Bankruptcy Law and Personal Injury.

6. A vast majority of my practice entails representing consumers against debt collectors and creditors violating federal and state consumer laws. I have represented several plaintiffs in litigations nationwide prosecuting consumer protection violations committed by major banks and debt collection companies. I have litigated cases involving consumer protection laws including but not limited to Telephone Consumer Protection Act, Fair Debt Collection Practices, Truth in Lending Act, Indiana Deceptive Consumer Sales Act, Indiana Home Loan Practices Act, and Real Estate Settlement Procedure Act.

7. I am currently involved with the following TCPA class action lawsuits:

   a. *John Gehrich vs. Chase Bank USA, NA.*, filed in the Northern District of Illinois, Eastern Division (1:12-cv-5510); and

   b. *Tener et al. vs. Franciscan Alliance et al,* filed in Southern District of Indiana (1:13-cv-01010-TWP-TAB).

   c. *Joe Morden vs. Citi Mortgage, Inc.* filed in Southern District of Indiana (1:13-cv-01926-RLY-MJD).

8. I graduated from Indiana University School of Law – Indianapolis in 2009. I am a member of the Indiana Bar and am licensed to practice law in the Southern District of Indiana and Northern District of Indiana.

C. **Staff**

9. Staff of the firm who assisted in litigating this action includes the following senior paralegal Bridgette Rogers (Indiana University Pursue University Indianapolis).

II. **Overview of S&L's Efforts in this Action**

**Contingent Nature of Action**

1. This matter has required S&L to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed my time, along with the time of my paralegal, Bridgette Rogers.

- 3 -

1      2.    Such time could otherwise have been spent on other fee-generating work.  Because
2  S&L undertook representation of this matter on a contingency-fee basis, S&L shouldered the risk
3  of expending substantial costs and time in litigating the action without any monetary gain in the
4  event of an adverse judgment.

5      3.    If not devoted to litigating this action, from which any remuneration to S&L is
6  wholly contingent on a successful outcome, the time that S&L's attorneys and staff spent working
7  on this case could and would have been spent pursuing other potentially fee generating matters.

8      **A.**    **S&L's Lodestar**

9      4.    S&L has maintained contemporaneous time records since the commencement of
10 this action.  Through January 2014, S&L has worked a total of <u>209.15</u> hours in this action, with a
11 total lodestar of $72,927.50, and an overall blended billing rate (lodestar divided by total hours)
12 of $348.70 per hour.

13     5.    All attorneys and staff at S&L are instructed to maintain contemporaneous time
14 records reflecting the time spent on this and other matters.  The regular practice at S&L is for all
15 attorneys and staff to keep contemporaneous time records and describing tasks performed in 0.1
16 hour increments.  I review and audit the time on a regular basis.

17     6.    I did not include any time spent working on Plaintiffs' Motion for Award of
18 Attorneys' Fees and Costs, or this supporting declaration and exhibits, within the lodestar
19 reported in paragraph 4 above. Prior to the class action lawsuit, S&L had filed an individual suit
20 on behalf of Plaintiff Makin. Hour spent solely for the purpose of prosecuting, settling, and/or
21 dismissing the individual claim for Makin have been excluded from the lodestar calculation.

22     7.    S&L's lodestar will grow slightly as we continue to finalize the settlement process
23 and close the litigation.  The claims period will last for several months, and S&L's commitment
24 of time and labor to this case will continue until (and likely beyond) that date.  S&L will continue
25 to assist Class members with individual inquiries, will oversee the claims resolution process, and
26 Class Counsel will help resolve Class member challenges to the result of their claims
27 submissions.  Judging by previous experiences, these responsibilities will require several hours of
28 work by Class Counsel over the coming months.

**B. S&L's Costs**

8. S&L maintains all books and records regarding costs expended on each case in the ordinary course of business. I have reviewed the records of costs expended in this matter.

9. S&L has incurred $1885.85 in expenses, which includes; filing fees $355.65; travel costs associated with my participation in mediations $1530.20.

**C. S&L Billing Rates**

10. Attorney Syed Ali Saeed bills at a rate of $350 per hour. Paralegal Bridgette Rogers bills at an hourly rate of $100 per hour.

11. The hourly rate referred to in paragraph 10 is based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services typically performed; the rates customarily charged in similar matters; and the experience, reputation and ability of the attorneys and staff members.

**D. Overview of Work Performed**

12. To provide the Court with an overview of the work done by S&L in this case, without requiring the review of our voluminous time records themselves, I divide my firm's work into specific phases that track the progress of the litigation from our initial investigation through settlement.

13. *Initial Case Investigation*. S&L spent 49.75 hours on initial case investigation. Such investigation included the following: Conducting extensive factual and legal research into the merits of the TCPA claims; discussing the facts with our client; conducting research on the Defendant including whether Defendant had been investigated for any prior TCPA violations; discussing joint prosecution of the action with counsel; and drafting, revising, and filing the *Makin* Complaint. This category also includes factual and legal research conducted for other potential class representatives who had solicited S&L's legal services after the filing of this class action lawsuit.

14. *Motions Practice*. S&L spent 31.55 hours reviewing the Class Certification Motion filed to avoid Mootness, assessing Bank of America's Motion to Transfer Venue, Notice filed in Bankruptcy court advising the trustee of the impending class action lawsuit, and various

other miscellaneous Motions and filings. This category also includes conducting legal research, reviewing filings for class action lawsuits consolidated with the Makin action.

15. *Client Management:* S&L spent 30.1 hours communicating and meeting with the Client to: (1) update the Client on the status of the case; and (2) obtain signatures, information and/or documents from the Client.

16. *Discovery.* S&L spent 65.9 hours: (1) reviewing documents and call data produced by Bank of America; (2) reviewing deposition transcripts from 30(b)(6) witnesses; (3) reviewing confirmatory interrogatories; (4) reviewing pre-mediation discovery requests; and (5) corresponding with Plaintiffs counsels regarding discovery issues including the 26(f) conference and discussions on ESI issues.

17. *Settlement Negotiations and Mediations.* S&L spent 90 hours engaging in settlement discussions and mediations with Bank of America. I participated in two full-day mediations before the Honorable Edward Infante (Ret.) of JAMS, on October 23, 2012 and on June 20, 2013. In connection with these settlement discussions and mediations, S&L attorneys spent time doing the following tasks: (a) discussing settlement and mediation with Bank of America's counsel; (b) discussing the Plaintiffs' mediation strategy with co-counsel; (d) reviewing mediation briefs; (e) traveling to and attending the one full-day mediations in San Francisco and attending another full day mediation via phone; (f) reviewing stipulations and proposed orders for extensions of time on the case schedule pending the negotiations; (g) reviewing Bank of America's discovery and information produced in the context of settlement negotiations; and (h) conducting settlement related research such as analyzing other TCPA class action settlements. The requested fee award was negotiated only after the parties reached agreed on all of the other Settlement terms.

18. *Settlement Agreement and the Motion for Preliminary Approval Papers.* Following the final January, 2013 mediation, I spent time engaging in discussions regarding the terms of the final settlement terms and reviewing the Memorandum of Understanding and the Settlement Agreement. I also spent time reviewing the original drafts and proposed revisions to the Motion for Preliminary Approval, the supplemental briefs in support of preliminary approval,

1 the declaration in support of preliminary approval, the proposed orders regarding preliminary
2 approval, and all of the forms of class notice. S&L spent 17.3 hours on these tasks.

3       19. *Settlement Administration.* I was involved in correspondence regarding several
4 issues raised prior to and during the claims administrations period. LCHB's staff assisted in
5 responding to class member inquiries. S&L spent 4.8 hours on these tasks.

### E. Careful Assignment of Work

20. Tasks were delegated appropriately amongst the attorney and the paralegal according to their complexity. The work performed by the attorney and paralegal was work that required sufficient knowledge of legal concepts and that I or another partner would have had to perform absent such assistance. The paralegal identified was qualified to perform substantive legal work based on her training and past experience working for attorneys, including attorneys outside of S&L's offices. I, therefore made every effort to litigate this efficiently by reducing duplication of effort and assigning work to the lowest billing timekeepers where feasible.

21. The following chart details the time each of these attorneys and the litigation assistants worked on this case and their contribution to LCHB's total lodestar:

| Attorney/Staff | Total Hours | % of Total Hours | Billing Rate | Lodestar |
|---|---|---|---|---|
| Syed Ali Saeed | 208.05 | 99.99 | $350 | 72817.50$ |
| Bridgette Rogers | 1.1 | .01 | $100 | 110$ |

### F. No time for Duplicative Work is included in the Lodestar Calculation

22. I was the only attorney at S&L that expended time in the prosecution of this case. Consequently, there is no time for duplicative work included in the lodestar calculation and reported hour. I can therefore confidently assert that the lodestar and hours reported in this declaration are reasonable, particularly in light of our efforts and accomplishments in this litigation.

### G. Efforts to Avoid Duplication Among Co-Counsel

23. I have worked closely with co-counsel to divide tasks, ensure efficient case management, and prevent duplication of efforts. By assigning specific tasks among firms, we

were able to avoid replicating work.  Only where it was necessary to have involvement from all of the firms, such as during the mediations, phone conferences and email correspondence to discuss and reach consensus on important litigation issues did such involvement occur.

I declare under penalty of perjury of the laws of Indiana and the United States that the foregoing is true and correct, and that this declaration was executed in Indianapolis, Indiana on February 17th, 2014.

                                          <u>/s/ Syed Ali Saeed</u>
                                          Syed Ali Saeed