Douglas J. Campion, SBN #75381
Email: doug@djcampion.com
LAW OFFICE OF DOUGLAS J. CAMPION, APC
409 Camino Del Rio South, Suite 303
San Diego, California 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Jonathan D. Selbin, SBN 170222
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHENIE ROSE, on behalf herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,<br><br>　　　　Defendants. | Case No. 5:11-cv-02390-EJD (PSG)<br><br>**DECLARATION OF DANIEL G. SHAY IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS AND FOR APPROVAL OF INCENTIVE PAYMENTS**<br><br>**Judge:**　Hon. Edward J. Davila<br><br>**Hearing Date: April 4, 2014**<br>**Time: 9:00 a.m.**<br><br>**Courtroom: 4, 5th Floor** |

DECL OF DANIEL G. SHAY ISO PLAINTIFFS' MTN FOR ATTORNEY'S FEES AND INCENTIVE AWARDS

CASE NO. 5:11-CV-02390-EJD (PSG)

FREDDERICKA BRADSHAW, on behalf of herself and all others similarly situated,

        Plaintiff,

v.

BANK OF AMERICA CORPORATION, a North Carolina Corporation and FIA CARD SERVICES, N.A.,

        Defendants.

I, DANIEL G. SHAY, declare as follows:

I am one of the attorneys for Plaintiff Freddericka Bradshaw in the above captioned case. I am a member in good standing of the California State Bar. I respectfully submit this declaration in Support of Plaintiffs' Motion for Attorneys' Fees and Costs and for Incentive Awards to the Class Representatives. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

**I.**     **Background and Experience**

1. I am currently actively litigating class action lawsuits under the Telephone Consumer Protection Act ("TCPA") including:

    a.    *Hudson v. Sharp Healthcare*, Case 3:13-cv-01807-MMA-NLS (S.D. Cal.);

    b.    *Hunter v. First National Collection Bureau, Inc.*, Case No. 3:13-cv-01515-JLS-KSC (S.D. Cal.);

    c.    *Dailey v. John C. Bonewicz, P.C.*, Case No. 3:13-cv-01779-LAB-WMC (S.D. Cal.);

    d.    *Nolan v. Tidewater Finance Company Inc*, Case No. 5:13-cv-00891-JGB- SP (C.D. Cal.).

II. **Overview of My Efforts in this Action**

    A. **Contingent Nature of Action**

2. This matter has required me to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed practically all of my work time.

3. Such time could otherwise have been spent on other fee-generating work. Because I undertook representation of this matter on a contingency-fee basis, I shouldered the risk of expending substantial time in litigating the action without any monetary gain in the event of an adverse judgment.

4. If not devoted to litigating this action, from which any remuneration to me is wholly contingent on a successful outcome, the time that I spent working on this case could and would have been spent pursuing other potentially fee generating matters.

    B. **Lodestar**

5. I have maintained contemporaneous time records since the commencement of this action. Through February of 2014, I have worked a total of 17.5 hours in this action, with a total lodestar of $7,000.00, and an overall billing rate (lodestar divided by total hours) of $400.00 per hour.

6. My practice is to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments. My policy is to enter my time into an electronic timekeeping system on a daily basis.

7. I did not include any time spent working on Plaintiffs' Motion for Award of Attorneys' Fees and Costs, or this supporting declaration and exhibits, within the lodestar reported in the paragraph above.

8. My lodestar will grow slightly as we continue to finalize the settlement process and close the litigation. The claims period will last for several months, and my commitment of time and labor to this case will continue until (and likely beyond) that date.

DECL OF DANIEL G. SHAY ISO PLAINTIFFS' MTN FOR ATTORNEYS' FEES AND INCENTIVE AWARDS      - 3 -      5:11 –CV-EJD (PSG)

**C.     Billing Rate**

9.     My billing rate is $400.00 per hour.  I set my rate based on a variety of factors, including among others: the experience, skill and sophistication required for the types of legal services performed; the rates customarily charged in similar matters; and my experience, reputation and ability.

10.    My current billing rate is supported by my experience in these types of cases.  My rate reflects the market rate in the markets where this matter has been handled, including San Francisco and San Diego.

**D.     Overview of Work Performed**

11.    To provide the Court with an overview of the work done by me in this case, without requiring the review of our time records themselves, I divide my work into specific phases that track the progress of the litigation from our initial investigation through settlement.

12.    *Initial Case Investigation*.  I spent 6.7 hours on initial case investigation.  Such investigation included the following: Conducting factual and legal research into the merits of the potential TCPA claims; discussing the facts with our client; investigating the text messages; conducting research on the Defendant and drafting and revising the *Bradshaw* Complaint.

13.    *Settlement*.  I spent 10.8 hours on engaging in settlement discussions with *Bradshaw* and co-counsel.  This included several meetings with *Bradshaw*, reviewing the proposed settlement agreements and conducting settlement related research such as analyzing other TCPA class action settlements.  The requested fee award was negotiated only after the parties agreed on all of the other Settlement terms.

**E.     Efforts to Avoid Duplication Among Co-Counsel**

14.    I have worked closely with co-counsel to divide tasks, ensure efficient case management, and prevent duplication of efforts.  By assigning specific tasks among firms, we were able to avoid replicating work.  Only where it was necessary

DECL OF DANIEL G. SHAY ISO                - 4 -                        5:11 –CV-EJD (PSG)
PLAINTIFFS' MTN FOR ATTORNEYS' FEES
AND INCENTIVE AWARDS

to have involvement from all of the firms, such as during the mediations, did such involvement occur.

I declare under penalty of perjury of the laws of California and the United States that the foregoing is true and correct, and that this declaration was executed in San Diego, CA on February 13, 2014.

Daniel G. Shay, Esq.
Law Office of Daniel G. Shay

*Attorney for Plaintiff*
*Freddericka Bradshaw*