Douglas J. Campion, SBN #75381
Email:  doug@djcampion.com
LAW OFFICE OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, California  92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Beth E. Terrell, SBN #178181
Email:  bterrell@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 N. 34th St., Suite 300
Seattle, Washington  98103
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Plaintiffs and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHENIE ROSE, on behalf herself and all others similarly situated,

                    Plaintiff,

          v.

BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A.,

                    Defendants.

NO.  CV 11 02390 EJD

CLASS ACTION

**DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 1
CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

1  CAROL DUKE AND JACK POSTER, ON
   BEHALF OF THEMSELVES AND ALL
2  OTHERS SIMILARLY SITUATED,                    NO.   CV 12 04009 EJD

3                      Plaintiffs,               CLASS ACTION

4         v.                                     Honorable Edward J. Davila

5  BANK OF AMERICA, N.A.; BANK OF                DATE:        April 4, 2014
   AMERICA CORPORATION; AND FIA CARD             TIME:        9:00 a.m.
6  SERVICES, N.A.,                               LOCATION:  Courtroom 4, 5th Floor

7
                        Defendants.
8

9

10        I, Beth E. Terrell, declare as follows:

11        1.      I am a member of the law firm of Terrell Marshall Daudt & Willie PLLC

12  ("TMDW"), counsel of record for Plaintiffs in this matter.  I am admitted to practice before this

13  Court and am a member in good standing of the bars of the States of California and

14  Washington.  I respectfully submit this declaration in support of Plaintiffs' Motion for

15  Attorneys' Fees and Costs in the above-captioned class action.  Except as otherwise noted, I

16  have personal knowledge of the facts set forth in this declaration, and could testify competently

17  to them if called upon to do so.

18        2.      TMDW is a law firm in Seattle, Washington, that focuses on complex civil and

19  commercial litigation with an emphasis on consumer protection, product defect, employment,

20  wage and hour, real estate, and personal injury matters.  The attorneys of TMDW have

21  extensive experience in class actions, collective actions, and other complex matters.  They have

22  been appointed lead or co-lead class counsel in numerous cases at both the state and federal

23  level.  They have prosecuted a variety of multi-million-dollar consumer fraud, wage and hour,

24  securities fraud, and product defect class actions.  The defendants in these cases have included

25  companies such as Wal-Mart, Microsoft, Best Buy, Toyota, Sallie Mae, Comcast, ABM

26

27  DECLARATION OF BETH E. TERRELL IN
    SUPPORT OF PLAINTIFFS' MOTION FOR
    ATTORNEYS' FEES AND FINAL APPROVAL OF
    CLASS ACTION SETTLEMENT - 2
    CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

1   Industries, Inc., AT&T, T- Mobile USA, Weyerhaeuser, Behr Products, American Cemwood,

2   Bank of America, Discover Financial Services ("Discover"), Chase, and Capital One.

3         3.     TMDW has actively and successfully litigated class action lawsuits under the

4   Telephone Consumer Protection Act as well as the Washington State analog.  Cases in which

5   TMDW has served or is serving as Class Counsel in such actions and in which I have played an

6   active role include:

- *In re Capital One Telephone Consumer Protection Act Litigation*— Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephone without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  I serve as co-lead counsel in the MDL.  A nationwide settlement was recently reached.

- *In re Monitronics International, Inc. Telephone Consumer Protection Act Litigation*—Filed on behalf consumers who received automated, pre-recorded solicitation telephone calls on their residential and business telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, the Washington Automatic Dialing and Announcing Device statute, RCW 80.36.400, and the Washington Consumer Protection Act, RCW 19.86 *et seq.*  I serve as co-lead counsel in the MDL.

- *Arthur v. Sallie Mae, Inc.*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  TMDW worked to negotiate a $24.15 million nationwide settlement, and final approval was granted in 2012.

- *Gehrich v. Chase Bank USA*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  TMDW is working to negotiate a nationwide settlement.

- *Hanley v. Fifth Third Bank*—Filed on behalf of consumers who received automated, pre-recorded collection phone calls on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*  TMDW negotiated a $4.5 million settlement, which was

DECLARATION OF BETH E. TERRELL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3
Case No. CV 11 02390 EJD & CV 12 04009 EJD

1    granted final approval in December 2013.

2    • *Steinfeld v. Discovery Financial Services, et al.*—Filed on behalf of
3       consumers who received automated, pre-recorded collection phone
         calls on their cellular telephones without their prior express consent
         within the meaning of the Telephone Consumer Protection Act, 47
4       U.S.C. § 227 *et seq.* TMDW negotiated an $8.7 million settlement,
         and final approval is pending.
5

6    • *Chesbro v. Best Buy*—Filed on behalf of consumers who received
         automated, pre-recorded solicitation phone calls on their residential
7       telephones without their prior express consent within the meaning of
         the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*
8       TMDW negotiated a $4.5 million settlement, which is currently
         pending preliminary approval.
9

10       4.      TMDW is currently litigating or has recently settled the following cases

11   involving consumer fraud:

12   • *Milligan, et al. v. Toyota Motor Sales, Inc.*—Filed in 2009 on behalf
         of owners of 2001-2003 Toyota RAV4s containing defective
13       Electronic Computer Modules, which cause harsh shifting conditions
         and permanent damage to the transmissions.  TMDW worked to
14       negotiate a nationwide class action settlement, and final approval was
         granted in January 2012.
15

16   • *Soto v. American Honda Motor Corporation*—Filed in 2012 on
         behalf of owners and lessees of 2008-2010 Honda Accords that
17       consume motor oil at a much higher rate than intended, due to a
         systemic design defect. The case settled on a class-wide basis and
18       TMDW is working on final approval.

19   • *Kitec Consolidated Cases*—TMD served as co-counsel in a national
         class action lawsuit against the manufacturers of defective hydronic
20       heating and plumbing systems.  The case settled for $125,000,000,
         and final approval was granted in 2011.
21

22   • *Seraphin v. AT&T Internet Services, Inc., et al.*—A multi-state class
         action filed in 2009 on behalf of AT&T internet customers who paid
23       $20 a month or less for internet service and were assessed and Early
         Termination Fee when they cancelled service.  A class settlement
24       was approved by the Court in 2011.
25

         5.      TMDW is currently litigating or recently settled the following cases involving
26   mortgage fraud and/or illegal debt adjusting schemes:

27   DECLARATION OF BETH E. TERRELL IN
     SUPPORT OF PLAINTIFFS' MOTION FOR
     ATTORNEYS' FEES AND FINAL APPROVAL OF
     CLASS ACTION SETTLEMENT - 4
     CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

1       • *Smith v. Legal Helpers Debt Resolution LLC*—Filed in 2011 on
2   behalf of consumer who were charged excessive fees for debt
    adjusting services in violation of Washington law.  Class settlements
3   were approved by the Court in December 2012 and December 2013.

4       • *Brown v. Consumer Law Associates LLC, et al.*—Filed in 2011 on
    behalf of consumers who were charged excessive fees for debt
5   adjusting services in violation of Washington law.  A class settlement
    was approved by the Court in 2013.

6       • *Bronzich, et al. v. Persels & Associates, LLC, et al.*—Filed in 2010
7   on behalf of consumers who were charged excessive fees for debt
    adjusting services in violation of Washington law.  A class settlement
8   was approved by the Court in 2013.

9       6.    In addition to a successful consumer protection practice, TMDW has litigated

10  the following wage and hour class actions:

11      • *Newell v. Home Care of Washington, Inc., et al.* —TMDW represents
12  a certified class of more than 400 in-home health care workers who
    allege violations of state wage and hour law.  Trial is set for August
13  2014.

14      • *Hill v. Xerox Business Services, LLC, et al., and Douglas v. Xerox
    Business Services, LLC, et al.*—TMDW represents proposed classes
15  of current and former call center workers who allege violations of
    state and federal wage and hour laws.  Both cases were filed in 2012
16  and are pending in the United States District Court for the Western
17  District of Washington.

18      • *Dickerson v. Cable Communications, Inc., et al.*—Filed in 2012 on
19  behalf of approximately 500 individuals alleging their employer
    violated Oregon's wage and hour laws.  Defendants' systematic
20  scheme of wage and hour violations involved, among other things,
    failure to pay non-managerial installation technicians for all hours
21  worked, including overtime.  The case settled on a class-wide basis,
    and approval was granted in 2013.
22
        • *Khadera v. ABM Industries, Inc.*—TMDW represented 337
23  employees who alleged violations of federal and state wage and hour
24  laws.  The case settled, and final approval was granted in 2012.

25      • *Simpson v. ABM Industries, Inc.*—TMDW represented a CR 23 class
    of approximately 6,800 employees who alleged Washington State
26  wage and hour violations.  The case settled in March 2012, and final

27  DECLARATION OF BETH E. TERRELL IN
    SUPPORT OF PLAINTIFFS' MOTION FOR
    ATTORNEYS' FEES AND FINAL APPROVAL OF
    CLASS ACTION SETTLEMENT - 5
    CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

approval of the settlement was granted on September 2012.

- *Martinez v. 24 Hr. Professional Janitorial Services, Inc.*—TMDW represented a class of 175 employees who alleged wage and hour violations.  The case settled in 2009, and King County Superior Court approved the settlement in 2010.

- *Barnett, et al. v. Wal-Mart Stores, Inc.*—Filed in 2001 on behalf of Washington employees alleging wage and hour violations by the country's largest private employer.  After more than seven years of litigation, TMDW obtained a settlement of $35 million on behalf of a certified class of approximately 88,000 employees.  That settlement was approved in July 2009.

- *McGinnity, et al. v. AutoNation, Inc., et al.*—TMDW represented a certified class of more than 500 employees who were denied earned vacation benefits.  After nearly two years of litigation before an arbitrator, we obtained an award of $2.34 million on behalf of the class.  We successfully defended the award on appeal, and the Washington Supreme Court denied defendants' petition for review.  A judgment in excess of $2,600,000 was satisfied in September 2009.

- *Ramirez, et al. v. Precision Drywall, Inc.*—TMDW represented a certified class of workers who alleged they were not paid for overtime work.  The case was tried before a jury during a five-week period in 2010, and TMDW successfully obtained a judgment for the workers in excess of $4,000,000.  TMDW continues to work on enforcing the judgment against multiple defendants.

7.     I am the lead attorney from TMDW in the instant litigation.  A founding member of TMDW, I concentrate my practice in complex litigation, including the prosecution of consumer, defective product, and wage and hour class actions.  I have served as co-lead counsel on numerous multi-state and nationwide class actions.  I also handle a variety of employment issues including employment discrimination, restrictive covenant litigation, and pre-litigation counseling and advice.

8.     I received a B.A., magna cum laude, from Gonzaga University in 1990.  In 1995, I received my J.D. from the University of California, Davis School of Law, Order of the Coif.  Prior to forming TMD in May 2008, I was a member of Tousley Brain Stephens PLLC.  I

DECLARATION OF BETH E. TERRELL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

1  am a frequent speaker at legal conferences on a wide variety of topics including consumer class

2  actions, employment litigation, and electronic discovery, and I have been awarded an "AV"

3  rating in Martindale Hubble by my peers.

4       9.     I am actively involved in several professional organizations and activities.  For

5  example, I currently serve as a Vice President for the Washington State Association of Justice

6  ("WSAJ"), and serve on the WSAJ Executive Committee.  I am also the current Chair of the

7  WSAJ's Consumer Protection Section.  I am the current Vice Chair of the Washington

8  Employment Lawyers Association and a member of the Public Justice Foundation's Board of

9  Directors.  I serve on the Foundation's Development, Case Evaluation, Membership, and Class

10  Action Preservation Committees.

11       10.     I have been repeatedly named to the annual Washington Super Lawyers list

12  (2005, 2010, 2011, 2012, and 2013) and the Top 50 Women Super Lawyers list (2012 and

13  2013) by *Washington Law & Politics* Magazine.

14       11.     Kimberlee L. Gunning, a former member of Terrell Marshall Daudt & Willie

15  PLLC, also performed substantial work on this matter.  Ms. Gunning graduated from the

16  University of Washington School of Law in 2004.  Before joining the firm, Ms. Gunning had a

17  solo practice focused on consumer class actions, employment law and appeals in all areas of

18  civil and administrative law and was also an associate at Tousley Brain Stephens PLLC for 4

19  years.  Ms. Gunning has extensive experience in complex civil litigation and has acted as co-

20  counsel in several consumer class actions, including *Spafford v. EchoStar; Hartman, et al. v.*

21  *Comcast; Seraphin v. AT&T Internet Services, Inc., et al; Vernon, et al. v. Qwest, and*

22  *Grosvenor v. Qwest and Godoy v. AT&T Wireless.*  In 2011 and 2012, Ms. Gunning was named

23  a Washington "Rising Star" by *Washington Law & Politics* Magazine.  Ms. Gunning is now a

24  senior trial attorney in the Washington State Attorney General's Consumer Protection Division.

25       12.     This lawsuit has consumed my time, along with the time of my former partner

26  Kimberlee L. Gunning and various staff members as detailed below.  Such time could

27  DECLARATION OF BETH E. TERRELL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

otherwise have been spent on other fee-generating work.  Because the representation in this matter is on a contingency-fee basis, TMDW shouldered the risk of expending substantial costs and time in litigating the action without any monetary gain in the event of an adverse outcome.

13.    TMDW sets its rates for attorneys and staff members based on a variety of factors, including among others:  the experience, skill, and sophistication required for the types of legal services typically performed; the rates customarily charged in similar matters; the rates customarily charged by other lawyers of similar skill and experience; and the experience, reputation, and ability of TMDW's attorneys and staff members.

14.    The regular practice at TMDW is for all attorneys and staff to keep contemporaneous time records, maintained on a daily basis, and describing tasks performed in 0.1 hour increments.  Firm policy requires all staff to enter their time into an electronic timekeeping system on a daily basis.

15.    I was the attorney primarily responsible for reviewing the work of the TMDW timekeepers who worked on this matter.  I supervised all work to encourage efficiency and ensure there was as little duplication of effort as possible, including limiting the number of attorneys assigned to this case.  I also reviewed the billing records and reduced or eliminated time where necessary.  For example, I deleted time spent on routine, purely clerical matters, including time billed by Cassandra L. Bohannon, Rachel Hoover, Torrie Marshall, Janelle Chase, and Kait Heacock. Additionally, I did not include any time spent working on Plaintiffs' Motion for Attorneys' Fees and Costs, or this supporting declaration and exhibits, within the lodestar and hours reported in paragraphs 20 and 22 below.  I can therefore confidently assert that the lodestar and hours reported in this declaration are reasonable, particularly in light of our efforts and accomplishments in this litigation.

16.    The work performed by Mr. Kinsey, Ms. Nordby, and Ms. Boschen was work that required sufficient knowledge of legal concepts and that I or another attorney would have had to perform absent such assistance.  Mr. Kinsey, Ms. Nordby and Ms. Boschen are qualified

DECLARATION OF BETH E. TERRELL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 8
CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

1  to perform substantive legal work based on their training and past experience working for

2  attorneys, including attorneys outside of TMDW's offices.

3          17.      I have worked closely with co-counsel to divide tasks, ensure efficient case

4  management, and prevent duplication of efforts.  By assigning specific tasks among firms, we

5  were able to avoid replicating work.  Only where it was necessary to have involvement from all

6  of the firms, such as during mediations, did such involvement occur.

7          18.      TMDW played a key role in litigating the *Ramirez* action.  The *Ramirez* action

8  was filed on August 31, 2011 in the United States District Court for the Southern District of

9  California.  Bank of America actively resisted discovery in the *Ramirez* action. Bank of

10  America's approach to discovery required Plaintiffs' counsel to spend substantial time meeting

11  and conferring with defense counsel, taking an early 30(b)(6) deposition regarding Bank of

12  America's calling data in order to ensure that Bank of America produced relevant, responsive

13  information, and successfully moving to compel other discovery responses.  Once the cases

14  were jointly prosecuted, all Plaintiffs' counsel benefited from our diligent discovery practice in

15  the *Ramirez* action.

16          19.      TMDW attorneys and staff remained active after Plaintiffs' counsel began to

17  prosecute the cases jointly.  I was involved in all stages of the litigation and settlement of the

18  cases, with a focus on settlement negotiation, confirmatory discovery, and working with the

19  claims administrator and notice provider.  Along with LCHB, I took a leading role in drafting

20  the settlement agreement and its exhibits, the forms of notice, and the preliminary approval

21  papers.  I continue to be an active participant in the post-settlement phase of this case, including

22  ongoing communications with the claims administrator about notice and claims issues.

23          20.      Through February 18, 2014, TMDW has worked a total of 420.1 hours in this

24  action, with a total lodestar of $224,847.00.

25

26

27  DECLARATION OF BETH E. TERRELL IN
    SUPPORT OF PLAINTIFFS' MOTION FOR
    ATTORNEYS' FEES AND FINAL APPROVAL OF
    CLASS ACTION SETTLEMENT - 9
    CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

21.     TMDW will incur additional fees and costs between now and the close of this litigation, including overseeing the settlement process, addressing class member inquiries, and briefing and attending the hearing for final approval of the settlement.

22.     The following table lists the TMDW attorneys and professional personnel and their current hourly rates.  The hourly rate shown for any attorney or paralegal who:  (a) is no longer employed with TMDW; or (b) has been promoted, reflects the last rate that applied at the time of their employment in that position.  The chart also details the time each of these attorneys and litigation assistants worked on this case and their contribution to TMDW's total lodestar:

| NAME AND POSITION | DESCRIPTION OF WORK PERFORMED | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|---|
| ATTORNEYS | | | | |
| **Beth E. Terrell** <br><br> Partner at Terrell Marshall Daudt & Willie PLLC <br><br> J.D. from Univ. of California, Davis School of Law, Order of the Coif, 1995. | Researched and analyzed various legal and factual issues; interviewed clients; worked on pleadings and memoranda; worked on discovery matters; worked on motion to compel; prepared for and attended Defendant's 30(b)(6) depositions; prepared for mediations; attended mediations; negotiated and worked on the settlement agreement and supporting documents; conducted confirmatory discovery; worked on notice and settlement administration issues. | $675 | 179.5 | $121,162.50 |
| **Kimberlee L. Gunning** <br><br> Partner at Terrell Marshall Daudt & Willie PLLC from 2009 to 2013. <br><br> J.D. from Univ. of Washington School of Law, 2004. | Worked on pleadings, memoranda and correspondence; analyzed various legal and factual issues; worked on case strategy; worked on discovery matters; worked on discovery requests and responses; participated in discovery conferences; reviewed document production; participated in case management conference; worked on deposition preparation; attended Plaintiff's deposition; worked on mediation submission; worked on settlement issues. | $525 | 146.7 | $77,017.50 |

DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 10
CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

| NAME AND POSITION | DESCRIPTION OF WORK PERFORMED | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|---|
| **Whitney B. Stark** Associate at Terrell Marshall Daudt & Willie PLLC from July 2013 to present. J.D. from University of California, Hastings College of Law, 2004. | Worked on second amended complaint and stipulation regarding same; worked on claims administration issues; drafted class notice documents. | $525 | 10.9 | $5,722.50 |
| **LAW CLERKS** | | | | |
| **Charlotte Sanders** Law Clerk at Terrell Marshall Daudt & Willie PLLC from June 2010 – June 2011. Contract Attorney from November – December 2012. | Worked on discovery requests. | $325 | 4.6 | $1,495.00 |
| **PARALEGALS/LEGAL ASSISTANTS** | | | | |
| **Bradford Kinsey** Paralegal at Terrell Marshall Daudt & Willie PLLC since October 2009. AA as a legal assistant from Edmonds Community College, 1989. 23 years of experience working in civil litigation representing both plaintiffs and defendants. | Drafted and revised pleadings; filed and served pleadings and discovery-related documents; prepared correspondence; coordinated mediation scheduling; coordinated signatures for settlement agreement and finalized same. | $200 | 42.5 | $8,500.00 |
| **Eden B. Nordby** Paralegal at Terrell Marshall Daudt & Willie PLLC since June 2008. BA. Sarah Lawrence College, 2005. | Worked on issues regarding class member inquiries; worked on case deadline management; worked on discovery requests and responses; served same; worked on deposition notice; coordinated court reporter for same; worked on mediation submission. | $305 | 12.7 | $3,873.50 |
| **Jennifer J. Boschen** | Worked on ESI and discovery matters; | $305 | 23.2 | $7,076.00 |

DECLARATION OF BETH E. TERRELL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11
CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

| NAME AND POSITION | DESCRIPTION OF WORK PERFORMED | RATE | HOURS BILLED | TOTAL |
|---|---|---|---|---|
| Paralegal at Terrell Marshall Daudt & Willie PLLC from May 2008 – January 2009 & March 2010 - present.<br><br>BA from Rutgers University, 1998. | reviewed and analyzed document production; assisted with deposition preparation; worked on correspondence regarding discovery. | | | |
| **TOTAL:** | | | 420.1 | $224,847.00 |

23.     Our lodestar calculations are based on reasonable hourly rates.  Indeed, courts in Western Washington and California have approved fee requests by TMDW that were based on these rates (or similar rates in place at the time of application). A sample of the federal and state courts since 2008 that have approved TMDW's standard billing rates and reimbursement of costs as reasonable are:

a.     July 2009, in *Barnett, et al. v. Wal-Mart Stores, Inc.*, Case No. 01-2-24553-8 SEA (Wash. Sup. Ct. King County);

b.     September 2010, in *Odom v. Microsoft Corp.*, Case No. 04-2-10618-4 SEA (Wash. Sup. Ct. King County);

c.     July 2009, in *Splater v. Thermal Ease Hydronic Systems, Inc.*, Case No. 03 2 33553-3 SEA (Wash. Sup. Ct. King County);

d.     December 2010, in *Carideo v. Dell Inc.*, No. CV-01772-JLR (W.D. Wash.);

e.     May 2011, in *Fine v. T-Mobile USA, Inc.*, No. CV-00973-TSZ (W.D. Wash.);

f.     May 2011, in *Frey v. 3PD, Inc.* C08-0630 JCC (W.D. Wash);

g.     August 2011, in *Seraphin v. AT&T Internet Svcs*. CV-00131-REB (D. Idaho);

DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT - 12
CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

h.      September 2012, in *Arthur v. Sallie Mae, Inc.* C10-00198 JLR (W.D. Wash.);

i.      January 2012, in Milligan v. Toyota Motor Sales, U.S.A., Inc. C09-05418 RS (N.D. Cal.);

j.      October 2012, in *Khadera v. ABM Industries, Inc.* C08-0417 RSM (W.D. Wash.); and

k.      March 2013, in *Meilleur v. AT&T Corp.* C11-01025 MJP (W.D. Wash.).

24.     TMDW has incurred $19,212.75 in expenses, which includes travel costs associated with my participation in depositions and mediations ($4,720.30); other hard costs such as court filing fees ($206); transcript costs ($2,459.61); research on Westlaw and PACER ($1,748.53); FedEx and postage charges ($97.87); mediation fees ($9,901.79); and internal costs such as printing and copying ($78.65).

25.     Since the beginning of this case, TMDW has worked with no guarantee of being compensated for its time and efforts.  Payment of TMDW's fees has always been contingent on successfully obtaining relief for the Plaintiffs and Class members.  As a result, there was a substantial risk of non-payment.  Work on this case has necessarily been to the exclusion of work on other matters that likely would have generated fees.  TMDW has also been denied use of the fees it earned over the course of this case.

26.     I was involved in negotiating the proposed settlement in this case.  I believe the settlement provides an excellent result for Class members and is fair, adequate, and reasonable. Plaintiffs and their counsel have considered the risks inherent to litigation and the various defenses available to Bank of America and FIA Card Services.  The reality that Plaintiffs and class members could end up recovering only a fraction of the settlement benefits or even losing at certification or trial was significant enough to convince Plaintiffs and their counsel that the settlement reached with Defendants outweighs the gamble of continued litigation.

DECLARATION OF BETH E. TERRELL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 13
CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

1    I declare under penalty of perjury of the laws of the State of Washington and the United

2  States of America that the foregoing is true and correct.

3        EXECUTED at Seattle, Washington this 19th day of February, 2014.

4

5                                   /s/ Beth E. Terrell, SBN #178181
                                    Beth E. Terrell, SBN #178181
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  DECLARATION OF BETH E. TERRELL IN
    SUPPORT OF PLAINTIFFS' MOTION FOR
    ATTORNEYS' FEES AND FINAL APPROVAL OF
    CLASS ACTION SETTLEMENT - 14
    CASE NO. CV 11 02390 EJD & CV 12 04009 EJD

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Beth E. Terrell, hereby certify that on February 19, 2014, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

Mark A. Lackner

6

mlackner@reedsmith.com
David S. Reidy

7

dreidy@reedsmith.com
Matthew J. Brady

8

mbrady@reedsmith.com
REED SMITH LLP

9

101 Second Street, Suite 1800

10

San Francisco, CA 94105
Facsimile:  (415) 931-8269

11

12

*Attorneys for Defendants*

13

DATED this 19th day of February, 2014.

14

TERRELL MARSHALL DAUDT & WILLIE PLLC

15

By: /s/ Beth E. Terrell, SBN #178181

16

Beth E. Terrell, SBN #178181
Email: bterrell@tmdwlaw.com

17

936 North 34th Street, Suite 300
Seattle, Washington  98103-8869

18

Telephone: (206) 816-6603
Facsimile: (206) 350-3528

19

*Attorney for Plaintiffs*

20

21

22

23

24

25

26

27

DECLARATION OF BETH E. TERRELL IN
SUPPORT OF PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 15
CASE NO. CV 11 02390 EJD & CV 12 04009 EJD