1  Douglas J. Campion, SBN #75381
   Email: doug@djcampion.com
2  LAW OFFICE OF DOUGLAS J. CAMPION
3  409 Camino Del Rio South, Suite 303
   San Diego, California 92108
4  Telephone: (619) 299-2091
   Facsimile: (619) 858-0034
5

6  Jonathan D. Selbin, SBN 170222
   LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
7  250 Hudson Street, 8th Floor
   New York, NY 10013
   Telephone: (212) 355-9500
8  Facsimile: (212) 355-9592

9  [Additional Counsel Appear on Signature Page]

10
   *Attorneys for Plaintiffs and the Class*
11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| 15 STEPHENIE ROSE, on behalf herself and all others similarly situated, | Case No. 5:11-cv-02390-EJD (PSG) |
| 16                  Plaintiff, | **DECLARATION OF HONORABLE EDWARD A. INFANTE (RET.) IN SUPPORT OF MOTIONS FOR ATTORNEYS' FEES AND FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| 17        v. | |
| 18 BANK OF AMERICA CORPORATION, and FIA CARD SERVICES, N.A., | |
| 19 | Judge:    Hon. Edward J. Davila |
| 20                  Defendants. | |
| 21 CAROL DUKE AND JACK POSTER, on behalf of themselves and all others similarly situated, | |
| 22 | |
| 23                  Plaintiffs, | |
| 24        v. | |
| 25 BANK OF AMERICA, N.A.; BANK OF AMERICA CORPORATION; AND FIA CARD SERVICES, N.A., | |
| 26 | |
| 27                  Defendants. | |

28

I, Edward A. Infante, declare as follows:

1. I am the former Chief Magistrate Judge of the United States District Court, Northern District of California. I currently serve as a mediator with JAMS, the nation's largest private provider of alternative dispute resolution services. As a U.S. Magistrate Judge and with JAMS, I have over 30 years of dispute resolution experience, having conducted over 3,000 settlement conferences in all types of litigation, including antitrust, consumer, securities fraud, and shareholder class actions.

2. In addition to the experience set forth in paragraph 1, I have also conducted a number of successful mediations in cases involving claims brought under the Telephone Consumer Protection Act ("TCPA"), including those brought by some of Class Counsel in this case.

3. The parties approached me to mediate the settlement negotiations in the above-entitled actions and I agreed.

4. The parties engaged in a total of three mediation sessions to reach the settlement. Those sessions occurred on October 23, 2012, and January 23, 2013, and June 20, 2013. We also engaged in a number of telephonic discussions. Both parties were well-represented by experienced and capable counsel. Plaintiffs and Defendant submitted lengthy Mediation Statements with dozens of exhibits setting forth the factual, legal, and procedural issues in the case. In particular, the parties extensively briefed Bank of America's legal defenses, which, if successful, would have resulted in complete dismissal of Plaintiffs' claims. On the other hand, Bank of America faced significant risk if Plaintiffs' claims survived dispositive motions due to its exposure to statutory damages claims on behalf of millions of class members. Plaintiffs, however, also faced a substantial risk that any future judgment would be subject to remittitur. These factors made it apparent to me that litigation of these issues would continue to be hotly contested, perhaps for many years in the appellate courts, and that both sides would face substantial litigation risk.

5. At all times, the negotiations were intense, arms-length, non-collusive, and contentious. During the negotiations both parties agreed, as did I, that the core relief for the Class

1  Members was practice changes aimed at preventing future unwanted auto-dialer calls on Class
2  Members' cell phones without consent.

3      6.    The Class size also was of critical importance to Class Counsel. I am informed
4  and believe that Class Counsel served written discovery, obtained documents and data from
5  Defendants, and took five 30(b)(6) depositions of Defendants' witnesses to confirm that the Class
6  included approximately 7,723,860 million people throughout the United States.

7      7.    Class Counsel demonstrated tenacity and creativity in arguing for monetary relief
8  for all Class Members. The negotiation process nearly broke down several times as Class
9  Counsel zealously advocated for a larger settlement fund and Defendants likewise zealously
10 advocated for a smaller settlement fund.

11     8.    Ultimately, I made a mediator's proposal to try to bridge the gap between the
12 parties. Neither party was happy with my proposal. Plaintiffs strenuously argued it was not
13 enough money; Bank of America balked at paying that much in a statutory damages case. Absent
14 the parties' grudging acceptance of my proposal, no settlement would have been reached.

15     9.    In my opinion, the result achieved by Class Counsel in the Amended Settlement is
16 fair, reasonable, and an excellent result for all Class Members.

17     10.    To ensure that the focus of the settlement negotiations was squarely on the relief
18 for the Class, the parties did not discuss Class Counsel's attorneys' fees and costs until after they
19 agreed to my mediator's proposal. It is also my opinion that Class Counsel's requested fees,
20 which amount to 25% of the Settlement Fund inclusive of costs, are reasonable under all of the
21 circumstances of this case and Ninth Circuit precedent.

22     11.    I am available to provide additional information about events related to the
23 mediation sessions in this case upon the request of the Court.

24 ///
25 ///
26 ///
27 ///
28 ///

1   I declare under penalty of perjury under the laws of the State of California that the
2   foregoing is true and correct.
3   EXECUTED in San Francisco, California this 18th day of February, 2013.

*[signature]*
Edward A. Infante