1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6                        SAN JOSE DIVISION

7

8    STEPHANIE ROSE, on behalf of herself and          Case Nos.  5:11-cv-02390-EJD;
     others similarly situated,                                    5:12-cv-04009-EJD

9                    Plaintiff,

10         v.                                           **ORDER DENYING MOTION FOR
                                                        RECONSIDERATION**
11   BANK OF AMERICA CORP., and FIA
     CARD SERVICES, N.A.,

12
                     Defendants.
13   _____

14   CAROL DUKE AND JACK POSTER, on
     behalf of themselves and others similarly
15   situated,

16                   Plaintiffs,

17         v.

18   BANK OF AMERICA, N.A.; BANK OF
     AMERICA, CORP.; and FIA CARD
     SERVICES, N.A.,
19
                     Defendants.
20

21        Plaintiffs Stephanie Rose, Sandra Ramirez, Shannon Johnson, Amin Makin, Carol Duke,

22   Jack Poster, and Freddericka Bradshaw ("Plaintiffs") initiated the present class action lawsuit

23   against Defendants Bank of America Corp., Bank of America, N.A., and FIA Card Services, N.A.

24   (collectively, "Defendants") alleging violations of the Telephone Consumer Protection Act

25   ("TCPA"), 47 U.S.C. § 227, et seq.  On August 29, 2014, this Court issued its Order Granting

26   Motion for Final Approval of Settlement; Granting in Part and Denying in Part Motion for

27   Attorney's Fees and Costs ("Order").  Presently before the Court is Class Counsel's Motion for

28                                               1

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Reconsideration of this Court's Order.  See Rose v. Bank of Am. Corp., No. 5:11-cv-02390-EJD,

2  Dkt. No. 110; Duke v. Bank of Am., N.A., No. 5:12-cv-04009-EJD, Dkt. No. 64 ("Mot.").  For the

3  following reasons, Class Counsel's motion is DENIED.

### I.   BACKGROUND

5      The parties reached a settlement agreement resolving six actions alleging that Bank of

6  America engaged in a systematic practice of calling or texting consumers' cell phones through the

7  use of automatic telephone dialing systems and/or an artificial or prerecorded voice without their

8  prior express consent, in violation of the TCPA.  Order at 2.  On August 29, 2014, the Court

9  issued an Order granting final approval of the class action settlement agreement, and granting in

10 part and denying in part Plaintiffs' motion for attorneys' fees and costs.  While Class Counsel

11 sought 25% of the settlement fund of $32,083,905, which amounted to $8,020,976, the Court

12 concluded that a reduction was appropriate.  Id. at 17.  Therefore, the Court reduced the attorneys'

13 fees and costs award to $2,402,243.91.  Id. at 22.  Judgment was entered on September 2, 2014.

14     On September 15, 2014, Class Counsel filed the instant motion challenging the attorneys'

15 fees and costs awarded in the Order.  See Mot.  Objectors James Kirby and Susan House filed an

16 opposition brief, and Class Counsel filed a reply brief.

### II.   LEGAL STANDARD

18     A motion under Federal Rule of Civil Procedure 59(e) may be granted on the following

19 grounds: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the

20 judgment rests; (2) if such motion is necessary to present newly discovered or previously

21 unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the

22 amendment is justified by an intervening change in controlling law."  Allstate Ins. Co. v. Herron,

23 634 F.3d 1101, 1111 (9th Cir. 2011).  A successful Rule 59(e) motion is an exception, not the

24 norm, because it "offers an extraordinary remedy, to be used sparingly in the interests of finality

25 and conservation of judicial resources."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890

26 (9th Cir. 2000).

**III.    DISCUSSION**

In challenging the award of attorneys' fees and costs, Class Counsel contends that the Order is not supported by a fulsome review of the undisputed material facts relating to five key issues: (1) the nature of the prospective practice changes required by the settlement; (2) the amount of the monetary relief achieved by the settlement for each submitted claim; (3) class counsel's litigation strategy enhancing efficiency and saving the class millions of dollars; (4) the number of hours Class Counsel worked on this litigation; and (5) the risk that Class Counsel would not be paid for their work.  Mot. at 1.  Thus, Class Counsel requests that the Court correct these undisputed facts, and alter the Judgment to award attorneys' fees and costs in the amount of $8,020,976, which is 25% of the common fund created in the settlement agreement.  Id. at 14.

**A.    Nature of the Prospective Practice Changes Required by the Settlement**

In its Order, the Court "question[ed] the 'prospective relief' provided by the Settlement Agreement," it expressed "concern[] that the prospective relief would not be of any benefit to consumers because it would not prevent Defendants from continuing to call Class Members," and it concluded that "Defendants chang[ing] their systems to reflect the borrower's prior express consent means very little in the context of this lawsuit."  Order at 18.  Here, Class Counsel contends that these prospective practice changes are, in fact, significant because it provides class members with the ability to stop the automated phone calls.  Mot. at 3.  Specifically, Class Counsel argues that as a result of this litigation, the Bank of America, N.A.'s mortgage servicing telephone calling policies changed so that it identified all cell phone numbers on a systematic basis, placed those numbers on a "suppression table" to prevent calling via auto-dialer, and obtained consent from the borrower before the number can again become eligible to be auto-dialed.  Id. at 3-4.  Moreover, Class Counsel argues that Bank of America Corporation and FIA Card Services, N.A. systematically review their databases on a daily basis to ensure that all customers with cell phone numbers have given consent to be autodialed.  Id. at 4.

The Court retains the same concerns it expressed in its Order.  Since Defendants continue to use the same definition of "prior express consent," which has an unsettled meaning, it is

Case Nos.: 5:11-cv-02390-EJD; 5:12-cv-04009-EJD
ORDER DENYING MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

possible that class members will continue to receive the automated calls that were the subject of this litigation.  See Order at 19.  Class Counsel can continue to tout this relief as "exceptional" to support an $8 million attorneys' fee award, but the Court simply does not share that opinion. Therefore, the Court will not disturb the position expressed in the Order.

**B.    Amount of Monetary Relief Achieved by the Settlement**

The Order states that "claimants will receive an average recovery of between $20 and $40" and that "the $20 to $40 range falls in the lower range of recovery for achieved in other TCPA class action settlements."  Order at 18.  Here, Class Counsel contends that these figures were conservative.  Mot. at 6.  In fact, Class Counsel argues, class members who submitted a claim for mortgage calls or credit card calls would receive at least $57, and class members who submitted a claim that they received both a mortgage and credit card call would receive at least $114.  Id. at 6-7.

Even if the average recovery is higher than that stated in the Order, this alone is not sufficient to increase Class Counsel's attorneys' fee award from $2 million to $8 million.  The monetary results of the settlement agreement was one component of this Court's analysis, which also included an evaluation of the non-monetary relief, the risk of continuing litigation, the skill required, and the contingency rationale.  See Order at 18-21.  Therefore, the increased economic recovery is insufficient to depart from the opinion stated in the Order.

**C.    Class Counsel's Litigation Strategy**

In its Order, the Court stated that "much of the work done prior to settlement negotiations and mediation was duplicative" and that "Class Counsel appear to have coordinated their efforts from very early on in the proceedings."  Order at 14, 16.  Here, Class Counsel contends that it did not initially pursue a coordinated litigation strategy.  Mot. at 7.  It contends that in May 2011, the Rose action was brought solely on behalf of persons who had a credit card serviced by FIA, and in August 2011, the Ramirez action was brought against Bank of America, N.A.  Id.  It further contends that when it learned that class members from both actions overlapped, the Duke action was filed in July 2012 to provide a vehicle through which the cases could be litigated together

Case Nos.: 5:11-cv-02390-EJD; 5:12-cv-04009-EJD
ORDER DENYING MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

1    given the overlap.  Id. at 8.  Moreover, Class Counsel argues that due to the overlap between the

2    mortgage and credit card class members, Class Counsel's strategy resulted in at least $2 million in

3    savings because of the consolidated notice and administration costs.  Id. at 8-9.

4         In issuing its Order, the Court examined Class Counsel's billings which showed

5    duplicative work, and the history of the six separate actions involved in the settlement.  Even in

6    the instant motion, as Class Counsel discusses the Rose, Ramirez, and Duke actions, it appears

7    that there was an overlap of law firms and/or counsel working on each of these actions.  See Mot.

8    at 7-8.  It is difficult to conceive that there was no coordinated litigation strategy or discussion

9    when counsel overlapped and all of the actions involved in the settlement sought to hold

10   Defendants liable for allegedly making automated phone calls in violation of the TCPA.  See

11   Order at 14-16.  Therefore, the Court will not disturb the position expressed in the Order.

12        **D.    Number of Hours Class Counsel Worked**

13        In the instant motion, Class Counsel disputes the following: (1) the Order states that Class

14   Counsel's total submitted lodestar was $1,396,523.75 from a total of 2,560.7 hours of work, but its

15   actual lodestar was $1,500,817.25; (2) the Order states that Class Counsel spent 800 hours in

16   settlement negotiations and mediation, but it actually spent 800 hours on settlement-related work;

17   (3) the Order states that the number of hours logged in Duke and Johnson prior to settlement

18   negotiations and mediation was 560 hours, but it actually spent under 160 hours; and (4) Class

19   Counsel states that it continues to spend time on this matter, including working with the

20   Settlement Administrator and responding to class members' inquiries.  Mot. at 9-11.

21        These arguments are unpersuasive.  That the lodestar is actually higher than that stated in

22   the Order does not help Class Counsel as the Court had already determined that it was too high.

23   That Class Counsel spent 800 hours in settlement-related work rather than in settlement

24   negotiations and mediation is duly noted, but it alone does not warrant an increase of attorneys'

25   fees.  That the number of hours logged in Duke and Johnson were actually lower than that stated

26   in the Order is also duly noted, but again, it does not warrant a higher attorneys' fee award.

27   Lastly, that Class Counsel continues to spend time on this matter is expected since large class

28

United States District Court
Northern District of California

Case Nos.: 5:11-cv-02390-EJD; 5:12-cv-04009-EJD
ORDER DENYING MOTION FOR RECONSIDERATION

United States District Court
Northern District of California

1  action settlements require continuing work with its clients—the class members—and often

2  generate significant post-approval litigation.  Having evaluated Class Counsel's billings, this

3  Court had determined that a reduction in the number of hours worked was appropriate.  <u>See</u> Order

4  at 16.  Therefore, the Court will not disturb the position expressed in the Order.

5       **E.**    **Risk that Class Counsel Would Not Be Paid**

6       In the instant motion, Class Counsel argues that it took this matter on a contingency fee

7  basis and that it faced a real risk of non-payment.  Mot. at 11.  As Class Counsel is aware, this is a

8  risk inherent in litigation, particularly when serving as class counsel in a large class action suit.

9  As the Court stated in its Order, Class Counsel has a great deal of experience litigating TCPA

10 class actions, it appeared to have a strategy of filing numerous small cases as a hedge against the

11 risk of recovering nothing, and given the liability of TCPA actions, defendants are apt to settling if

12 there is any merit to a case.  <u>See</u> Order at 21.  The Court did not find Class Counsel's argument

13 persuasive when it first issued its Order, and it does not find it persuasive now. Therefore, the

14 Court will not disturb the position expressed in the Order.

15 **IV.**    **CONCLUSION**

16      In sum, Class Counsel has not provided a persuasive argument so as to warrant the

17 extraordinary remedy of a successful Rule 59(e) motion.  Accordingly, Class Counsel's Motion

18 for Reconsideration is DENIED.

19

20      **IT IS SO ORDERED.**

21 Dated: May 1, 2015

22 

23     EDWARD J. DAVILA
    United States District Judge

24

25

26

27

28

Case Nos.: 5:11-cv-02390-EJD; 5:12-cv-04009-EJD
ORDER DENYING MOTION FOR RECONSIDERATION